703 So.2d 1093 (1997)
Jessica Gertner MILANO, Appellant,
v.
MOLDMASTER, INC., a Florida corporation, Appellee.
No. 97-0493.
District Court of Appeal of Florida, Fourth District.
October 22, 1997.
Rehearing, Rehearing, Clarification and Certification Denied January 21, 1998.
*1094 Richard H. Levenstein of Richard H. Levenstein, P.A., Boca Raton, for appellant.
Dawn Siler-Nixon and Meenu T. Sasser of Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., Fort Lauderdale, for appellee.
Rehearing En Banc, Rehearing, Clarification and Certification Denied January 21, 1998.
GLICKSTEIN, Judge.
Having considered appellant's arguments, we affirm the trial court's dismissal of her action.
Following termination of appellant's employment, she filed a complaint with the Florida Commission on Human Relations on April 8, 1994, alleging that appellee wrongfully terminated her employment based upon her disability.
The commission failed to issue a reasonable cause determination within 180 days. More than one year after the expiration of the 180 day period, appellant filed a civil action against appellee. The commission then sent appellant a notice of dismissal advising her that the commission's jurisdiction was divested by appellant filing the civil action. The trial court dismissed the action based on its interpretation that the statute of limitations had run.
Section 760.11(3), Florida Statutes, 1995, provides in part:
Within 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992.
Subsection (4) provides:
In the event that the commission determines that there is a reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:
(a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or
(b) Request an administrative hearing under s. 120.57.
Subsection (5) requires that any civil action brought under section 760.11 must be commenced no later than 1 year after the determination of reasonable cause by the commission.
Finally, subsection (8) says:
In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.
The trial court determined that the one year limitation on filing a civil action began to run at the expiration of the 180 day period in which the commission was to make a reasonable cause determination. We agree, as any other interpretation of the foregoing subsections, read together, would not be reasonable.
While the corresponding federal statute, 42 U.S.C.A. § 2000e-5(b) (West Supp.1997), has different wrinkles than Florida's legislation,[1] *1095 one observation under the former is worth noting. The Eleventh Circuit observed in a related, but not identical context:
There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.
Lewis v. Conners Steel Co., 673 F.2d 1240, 1242 (11th Cir.1982).
POLEN and GROSS, JJ., concur.
NOTES
[1] Under the Federal Statute, a plaintiff generally has 90 days to file an action after receipt of a notice of right to sue. Because of the shortness of time, this is not a true statute of limitations. The Eleventh Circuit has said with regard to same:

42 U.S.C. § 2000e-5(f) provides in part that "within 90 days after the giving of such respondent named in the charge ..." While filing of suit within the statutory time is no longer considered jurisdictional, "[c]ompliance with the ... time period ... is a statutory requirement for presentation of the claim, and failure to do so admits a defense analogous to a statute of limitations." Sessions v. Rusk State Hospital., 648 F.2d 1066, 1069-70 (5th Cir.1981). Because we remand the case for further consideration of when plaintiff received notice, we leave for original presentation to the district court plaintiff's contention that this change in characterization of the time requirement alters the burden of pleading and proof.
Lewis v. Conners Steel Co., 673 F.2d 1240, 1241 n. 2 (11th Cir.1982).