734 So.2d 1068 (1999)
Deneace M. JOSHUA, Appellant,
v.
CITY OF GAINESVILLE, Appellee.
No. 98-893.
District Court of Appeal of Florida, First District.
February 17, 1999.
Gary L. Printy, Tallahassee, for Appellant.
Elinor E. Baxter, of Walters, Levine, Brown, Klingensmith & Milonas, P.A., Sarasota, for Appellee.
BROWNING, J.
Deneace Joshua ("Appellant") appeals the trial court's order finding her claim to be time-barred pursuant to section 760.10, Florida Statutes (1995), and dismissing her complaint with prejudice.[1] Appellant contends *1069 that her claim should be governed instead by the general four-year statute of limitations in section 95.11(3)(f), Florida Statutes. We affirm the dismissal order on the authority of Milano v. Moldmaster, Inc., 703 So.2d 1093 (Fla. 4th DCA 1997), and certify a question of great public importance.[2]
Pursuant to section 760.11(1), Florida Statutes (1995), an aggrieved party "may file a complaint" with the Florida Commission on Human Relations ("Commission") "within 365 days of the alleged violation" of the Act. On July 21, 1995, Appellant, an African-American female, filed a timely complaint with the Commission alleging a violation of section 760.10, Florida Statutes (governing "unlawful employment practices"), in that her employer, the City of Gainesville ("Appellee"), allegedly retaliated for her having previously filed a discrimination charge. Specifically, she alleged that she had received a written memorandum on May 10, 1995, from her supervisor outlining all the things she had done wrong since filing the discrimination charge and warning her that "further disruptive behavior on your part may be cause for disciplinary action." Section 760.11(3), Florida Statutes, provides that "[w]ithin 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the ... Act." The parties agree that Appellant did not receive a determination of "reasonable cause" by the Commission within 180 days of filing her complaint with the Commission. However, the parties differ as to which statute of limitations was triggered by the Commission's failure to make a timely determination of reasonable cause under subsection (3).
Appellee contends that the Commission's failure to make a timely determination triggered another provision in the Act, which states in pertinent part:
(8) In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.
§ 760.11(8), Fla. Stat. (emphasis added). Subsection (4) states:
(4) In the event that the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:
(a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or
(b) Request an administrative hearing under s. 120.57.
The election by the aggrieved person of filing a civil action or requesting an administrative hearing under this subsection is the exclusive procedure available to the aggrieved person pursuant to this act.
§ 760.11(4), Fla. Stat. (emphasis added). Section 760.11(5) states: "A civil action brought under this section shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission." (Emphasis added).
It is axiomatic that all parts of a statute are to be read together "to facilitate the achievement of their goals in accordance with reason and common sense." Alderman v. Unemployment Appeals Comm'n, 664 So.2d 1160, 1161 (Fla. 5th DCA 1995). "Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452, 455 (Fla.1992). Construing all these subsections of the Act *1070 together, Appellee argued that, as a matter of law, 1) once the Commission failed to make a "reasonable cause" determination within 180 days of the filing of Appellant's complaint, Appellant had the option, under subsection (8) of the Act, of proceeding under subsection (4) as if the Commission had made a determination; 2) under subsection (4), Appellant the option to bring a civil action or request an administrative hearing; and 3) Appellant was time-bound by the one-year deadline set forth in subsection (5) for commencing a civil action. Under Appellee's construction of the statutory provisions, the 180-day period for the Commission to determine whether there was reasonable cause began to run on the filing date, July 21, 1995, and ended on January 17, 1996, under subsections (3) and (8). Therefore, pursuant to subsection (5), Appellant had one year from January 17, 1996, to file the civil action allowed under subsection (4). If Appellee is correct, then the statute of limitations barred Appellant from filing a civil action after January 17, 1997.
On the other hand, Appellant focuses on the permissive ("may") language of subsections (8) and (4) to support her argument that the Act does not require an aggrieved party to commence a civil action within one year after the expiration of the 180-day period or else be time-barred, where the Commission fails to make a "reasonable cause" determination. If Appellant is correct, then she had four years, not one year, under the general statute of limitations to file a timely civil action.
On January 20, 1998, Appellant filed her civil complaint in the trial court alleging Appellee's violation of the Act. Appellant alleged that she had been a full-time employee of Appellee since October 1, 1979, and that on the filing date of the complaint she held the position of Block Grant Financial Analyst. The complaint alleged that Appellee had discriminated against her on the basis of race when, acting through its authorized agents or employees, Appellee denied her an upgrade in her employment position.
On February 9, 1998, Appellee asked the trial court to enter an order dismissing the complaint as time-barred under section 760.11, Florida Statutes. Citing Milano[3] and subsection (5) of the Act, Appellee argued that, as a matter of law, Appellant's civil action filed after January 17, 1997, was time-barred by the statute of limitations. In her response to the motion to dismiss, Appellant contended that her action was timely under section 95.11(3)(f), Florida Statutes, which sets out a four-year statute of limitations for "[a]n action founded on a statutory liability." Finding that chapter 760 rather than chapter 95, Florida Statutes, controls the instant case, the trial court granted Appellee's motion to dismiss with prejudice.
Milano, which is factually indistinguishable from the instant case in all material respects, supports the trial court's ruling. After the termination of her employment, Ms. Milano filed a complaint with the Commission on April 8, 1994, alleging that her employer had wrongfully terminated her employment based upon her disability. The Commission failed to issue a "reasonable cause" determination within 180 days. More than one year after the expiration of the 180-day period, Milano filed a civil action against her former employer. The Commission sent Milano a dismissal notice advising her that its jurisdiction was divested by her filing the civil action. The trial court found that the one-year limitation on filing a civil action had begun to run at the expiration of the 180-day period in which the Commission was to make a "reasonable cause" determination. The court dismissed the action upon a finding that the statute of limitations had run. 703 So.2d at 1094. Construing together the pertinent provisions of section 760.11, *1071 the Fourth District Court affirmed the dismissal of Milano's action. Id. at 1094-95. Likewise, we conclude that the trial court carried out the provisions of the Act in dismissing Appellant's claim as time-barred.
Relying upon Hullinger v. Ryder Truck Rental, Inc., 548 So.2d 231 (Fla.1989), and the statute of limitations provision in section 95.11(3)(f), Florida Statutes, Appellant contends that she had four years to file from the date of the discriminatory or retaliatory act, i.e., four years from May 1995, and that the trial court erred in dismissing her claim with prejudice. In Hullinger, Mr. Hullinger filed a complaint with the Commission pursuant to section 760.10, Florida Statutes (1983), alleging wrongful termination based on his age. Section 760.10(12), Florida Statutes (1983), authorized bringing a civil action if the Commission failed to act on a complaint within 180 days of filing. After three years the Commission had not resolved his claim, so Hullinger filed suit in the trial court alleging wrongful discharge. The trial court dismissed his claim as time-barred by the two-year statute of limitations contained in section 95.11(4)(c), Florida Statutes (1983) (governing "[a]ctions other than for recovery of real property" and including "[a]n action to recover wages or overtime or damages or penalties concerning payment of wages and overtime"), and the district court affirmed the order. Id. at 232. The Supreme Court of Florida agreed with Hullinger's argument that his cause of action under the Act was based on the violation of a statute, so that the four-year statute of limitations contained in section 95.11(3)(f), Florida Statutes (1983) (pertaining to "[a]n action founded on a statutory liability"), applied. The decision below was quashed and the case remanded for further proceedings. Id. at 232-33. Appellee correctly notes two reasons why Hullinger does not control the case at bar. First, Hullinger was decided before the specific time limitations now found in section 760.11 were enacted. Second, as a general rule, "a more specific statute covering a particular subject controls over another statute covering the same subject in more general terms," "even though the specific statute provides for a shorter period of limitations." Sheils v. Jack Eckerd Corp., 560 So.2d 361, 363 (Fla. 2d DCA 1990); Dubin v. Dow Corning Corp., 478 So.2d 71 (Fla. 2d DCA 1985). Therefore, as subsection (5) of the current Act specifically addresses the applicable time period for bringing a cause of action pursuant to the Act, the more general provisions of section 95.11(3)(f) do not apply.
Because of the harsh result that will befall the unwary, pro se claimant who is misled by the seemingly permissive language of the Act and delays filing a civil action until after the passing of the deadline while awaiting the Commission's belated determination, we certify the following as a question of great public importance:
DOES THE SECTION 760.11(5), FLORIDA STATUTES (1995), ONE-YEAR STATUTE OF LIMITATIONS FOR FILING CIVIL ACTIONS "AFTER THE DATE OF DETERMINATION OF REASONABLE CAUSE BY THE COMMISSION" APPLY ALSO UPON THE COMMISSION'S FAILURE TO MAKE ANY DETERMINATION AS TO "REASONABLE CAUSE" WITHIN 180 DAYS AS CONTEMPLATED IN SECTION 760.11(8), FLORIDA STATUTES (1995), SO THAT AN ACTION FILED BEYOND THE ONE-YEAR PERIOD IS TIME-BARRED?
AFFIRMED.
BOOTH and ALLEN, JJ., CONCUR.
NOTES
[1] Sections 760.01-760.11 and 509.092, Florida Statutes, are known as the "Florida Civil Rights Act of 1992" ("the Act"). § 760.01(1), Fla. Stat. (1995). All statutory references in this opinion are to the 1995 versions.
[2] The Supreme Court of Florida has discretionary jurisdiction to review district court of appeal opinions that "pass upon a question certified to be of great public importance." Fla. R.App. P. 9.030(a)(2)(A)(v).
[3] Appellant correctly notes that she lacked the benefit of the Fourth District Court's construction of the pertinent provisions of the Act in Milano, which was decided after Appellant's one-year statute of limitations ran.