765 So.2d 804 (2000)
Betty McDOWELL, Appellant,
v.
The SCHOOL BOARD OF LEON COUNTY, Appellee.
No. 1D99-2813.
District Court of Appeal of Florida, First District.
August 7, 2000.
William L. Sundberg of Sundberg & Hessman, P.A., Tallahassee, for Appellant.
Michael E. Riley and Chanta G. Hundley of Rumberger, Kirk & Caldwell, Tallahassee; C. Graham Carothers of Ausley & McMullen, Tallahassee, for Appellee.
VAN NORTWICK, J.
Betty McDowell appeals an order of summary judgment by which the trial court ruled that her civil action alleging employment discrimination against appellee, the Leon County School Board, was barred as untimely under the limitations provisions of section 760.11, Florida Statutes (1993), as interpreted by Milano v. Moldmaster, Inc., 703 So.2d 1093 (Fla. 4th DCA 1997) and Joshua v. City of Gainesville, 734 So.2d 1068 (Fla. 1st DCA), rev. granted, 735 So.2d 1285 (Fla.1999). Because McDowell's civil action was timely filed within the one-year statute of limitations provided by section 760.11(5), Florida Statutes, we distinguish the instant case from Milano and Joshua and reverse and remand for further proceedings. We also certify a question of great public importance.
McDowell filed a complaint of discrimination with the Florida Commission on Human Relations on May 9, 1994, pursuant to section 760.11, Florida Statutes (1993), alleging that her employer, the School Board, had engaged in a discriminatory and unlawful employment practice when the Board discharged her because of her obesity. On May 30, 1995, over one year after McDowell filed her complaint alleging discrimination, the Commission issued a notice of determination, finding that an unlawful employment practice had occurred. The notice informed McDowell that she could thereafter request an administrative hearing within 35 days or file a civil suit within one year. Because McDowell did not seek an administrative hearing, the Commission dismissed her complaint on October 9, 1995, with the instruction that she had the right to file a civil action "no later than one year after the date of determination of reasonable cause." This direction was based upon *805 section 760.11(5), which requires a civil action to be filed within one year of a determination of reasonable cause.
Relying on the Commission's notice, McDowell sued for damages in circuit court on May 20, 1996, within one year of the Commission's determination of cause, but more than two years after she filed the complaint with the Commission. The Board filed an answer on June 18, 1996, raising affirmative defenses, but not a limitations defense. The Board moved for summary judgment on April 2, 1998, contending there was no evidence of discrimination; but the court trial denied it. The trial court set the case for trial on October 4, 1999.
While the litigation was pending, the Fourth District decided Milano v. Moldmaster, Inc., 703 So.2d 1093 (Fla. 4th DCA 1997), holding that, when there has been no determination of reasonable cause, a plaintiff is required to file a civil action within one and one-half years from the filing of the complaint of discrimination. On December 11, 1998, in Crumble v. Leon County School Board, 721 So.2d 1211 (Fla. 1st DCA 1998), this court issued a one-sentence opinion affirming and citing Milano. On February 17, 1999, we issued a detailed opinion, Joshua v. City of Gainesville, 734 So.2d 1068 (Fla. 1st DCA), rev. granted, 735 So.2d 1285 (Fla.1999), expressly following Milano and certifying a question to the supreme court about the correctness of the construction. Accord Adams v. Wellington Reg'l Med. Ctr., Inc., 727 So.2d 1139 (Fla. 4th DCA), appeal dismissed, 735 So.2d 1283 (Fla.1999).
In the present case, on April 15, 1999, nearly three years after its original answer, the School Board filed a motion to amend its answer to assert a limitations defense, claiming that McDowell had failed to file suit within 180 days, plus one year, as required by section 760.11, and asserting that it was not apparent that this defense was applicable until this court had issued its decision in Joshua on February 17, 1999. The School Board also filed a motion for summary judgment, contending that McDowell's complaint was time-barred under Milano and Joshua.
The trial court granted the Board's motions, ruling that because McDowell had filed her civil action over two years after she filed her initial complaint of discrimination, her action was untimely, in that it was beyond the one and one-half year limitations period permitted for civil actions by sections 760.11(5) and (8). The court rejected McDowell's assertion that her case was distinguishable from Milano and Joshua, because the Commission had not made a determination of cause in those cases, whereas it had done so in her case, albeit untimely. The court also declined to apply the doctrine of equitable estoppel. Although it acknowledged that it was inequitable for the Commission to have incorrectly informed McDowell that she had one year in which to file a civil action, the Commission's negligence should not, in the court's opinion, be visited on the School Board, which had done nothing to interfere with McDowell's right to file a timely action.
On appeal, among other things, McDowell argues that her lawsuit was timely under the plain language of section 760.11(5), which allows civil actions to be filed within a year of a determination of reasonable cause. We agree.
Section 760.11(1), Florida Statutes (1993), of the Florida Civil Rights Act authorizes an aggrieved person to file a complaint alleging discrimination with the Florida Commission on Human Relations within 365 days of the alleged violation of the Act. Within 180 days of the filing of the complaint, the Commission shall determine whether there is reasonable cause to believe that a violation has occurred. See § 760.11(3), Fla. Stat. (1993). If reasonable cause is found, the aggrieved person may request an administrative hearing or file suit in circuit court. See § 760.11(4), Fla. Stat. (1993). Subsection (5) of section 760.11 provides, in pertinent part, that

*806 A civil action brought under this section shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission.
On its face, subsection (5) would seem to create a clear one-year statute of limitations running from the date of the Commission's reasonable cause determination.
The Florida Civil Rights Act, however, does not expressly address how an aggrieved party's rights under the Act are impacted when, as here, the Commission fails to make a reasonable cause determination within 180 days, as required by subsection 760.11(3). Subsection (8) of this statute provides:
In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.
Joshua and Milano held that, when there has been no determination of reasonable cause by the Commission, a plaintiff filing a civil action must file that action within one and one-half years from the filing of the complaint with the Commission. Rather than applying the general four-year statute of limitations pertaining to "[a]n action founded on a statutory liability," section 95.11(3)(f), Florida Statutes (1993), the Milano and Joshua panels created a new one and one-half year limitation period by reading subsections (5) and (8) of section 760.11 in pari materia. The Milano and Joshua courts reasoned that, because subsection (5) requires a civil action to be filed within one year from the date of the Commission's reasonable cause determination and subsection (8) provides that an aggrieved party "may proceed" to file a civil action within 180 days of the filing of the complaint with the Commission in the event the Commission has made no reasonable cause determination, therefore the aggrieved party must file a civil action no later than one year plus 180 days (or one and one-half years) from the date of filing the complaint with the Commission, if no determination of reasonable cause has been made by the Commission. The Milano-Joshua rule, in effect, reads the word "may" in subsection (8) as "shall." See generally Meenu T. Sasser & Stafford N. Shealy, Defining the Hourglass: When is a Claim under the Florida Civil Rights Act Time Barred, 73 Fla. Bar J. 68 (Dec.1999).
As McDowell contends, in both Milano and Joshua, the Commission made no determination of reasonable cause. In the instant case, however, before the running of the one and one-half year Milano-Joshua limitations period, the Commission issued a determination of reasonable cause and expressly advised appellant that she had one year after the date of the determination to file a civil action. As a result, this case is distinguishable from Milano and Joshua. Of course, we would be constrained to follow Joshua, if no determination of reasonable cause had been made by the Commission in the case before us. We do not, however, elect to extend the Milano-Joshua rule to govern cases in which the Commission makes a reasonable cause determination within the one and one-half year limitations period established by Milano-Joshua.
In summary, because a determination of reasonable cause was made here, we apply the clear one-year statute of limitations of section 760.11(5), provided by the legislature, rather than the judicially-crafted limitations period of Milano and Joshua. This interpretation would give effect to the clear words of the legislature and would not lead to inconsistent results. Under this interpretation, pursuant to Milano and Joshua, an aggrieved party must file a civil action within one year and 180 days of the date of filing of a complaint with the Commission, if no determination of reasonable cause has been made by the Commission. If the Commission makes a determination within the Milano-Joshua limitations period, however, under section 760.11(5) the aggrieved party would have one year from the date of the determination within which to file a civil action.
*807 As a result of our holding, we do not address McDowell's arguments that the Board waived its limitations defense and that the doctrine of equitable tolling should allow her suit to go forward despite the expiration of the limitations period.
Finally, because we consider this issue to be one of great public importance, we certify the following question:
DOES THE BAR OF THE 180-DAY, PLUS ONE YEAR LIMITATIONS PERIOD, APPROVED IN MILANO v. MOLDMASTER, 703 So.2d 1093 (Fla. 4th DCA 1997), AND JOSHUA v. CITY OF GAINESVILLE, 734 So.2d 1068 (Fla. 1st DCA 1999), APPLY WHEN THE COMMISSION ISSUES A DETERMINATION OF REASONABLE CAUSE AFTER THE EXPIRATION OF THE 180-DAY PERIOD PERMITTED IN SECTION 760.11(3), FLORIDA STATUTES (1993), AND THE PLAINTIFF THEREAFTER FILES SUIT WITHIN ONE YEAR THEREFROM, BUT OUTSIDE THE ONE AND ONE-HALF YEAR LIMITATIONS PERIOD?
REVERSED and REMANDED for proceedings consistent with this opinion.
ERVIN AND BROWNING, JJ., CONCUR.