768 So.2d 432 (2000)
Deneace M. JOSHUA, Petitioner,
v.
CITY OF GAINESVILLE, Respondent.
No. SC94935.
Supreme Court of Florida.
August 31, 2000.
*433 Gary L. Printy, Tallahassee, Florida, for Petitioner Elinor E. Baxter and H. Jack Klingensmith of Walters, Levine, Brown, Klingensmith, Milonas & Thomison, P.A., Sarasota, Florida, for Respondent.
Cynthia N. Sass of Bole & Sass, Tampa, Florida; and Gail M. Flatow, Tampa, Florida, for The Florida Chapter of the National Employment Lawyers Association, Amicus Curiae Dana Baird, General Counsel, Miles A. Lance, Assistant General Counsel and Evelyn D. Golden, Assistant General Counsel, Tallahassee, Florida, for The Florida Commission on Human Relations, Amicus Curiae.
Michael B. Duncan of Harrison, Sale, McCloy, Thompson & Harrison, CHTD., Panama City, Florida, for Bay Medical Center, Amicus Curiae.
Michael P. Spellman, City Attorney's Office, Tallahassee, Florida, for City of Tallahassee, Amicus Curiae.
Marie Tomassi of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, Florida, for HCA New Port Richey Hospital a/k/a New Port Richey Hospital, Inc., Amicus Curiae Ronald A. Mowrey, David K. Minacci, and Donna S. Biggins of Mowrey & Minacci, P.A., Tallahassee, Florida, for Florida Sheriffs' Self-Insurance Fund, Amicus Curiae.
QUINCE, J.
We have for review a decision on the following question certified by the First District Court of Appeal to be of great public importance:
DOES THE SECTION 760.11(5), FLORIDA STATUTES (1995), ONE-YEAR STATUTE OF LIMITATIONS FOR FILING CIVIL ACTIONS "AFTER THE DATE OF DETERMINATION OF REASONABLE CAUSE BY THE COMMISSION" APPLY ALSO UPON THE COMMISSION'S FAILURE TO MAKE ANY DETERMINATION AS TO "REASONABLE CAUSE" WITHIN 180 DAYS AS CONTEMPLATED IN SECTION 760.11(8), FLORIDA STATUTES (1995), SO THAT AN ACTION FILED BEYOND THE ONE-YEAR PERIOD IS TIME BARRED?
Joshua v. City of Gainesville, 734 So.2d 1068, 1071 (Fla. 1st DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the following reasons, we answer this certified question in the negative. We hold that the general four-year statute of limitations for statutory violations, section 95.11(3)(f), Florida Statutes (1995), applies to actions filed pursuant to chapter 760, Florida Statutes, if the Commission on Human Relations does not make a reasonable cause determination on a complaint within the 180 days contemplated by section 760.11(8), Florida Statutes (1995).

STATEMENT OF FACTS
On October 1, 1979, Deneace C. Joshua (Joshua) began her employment as a Block Grant Financial Analyst for the City of Gainesville (City). In January 1995, Joshua filed a complaint with the Florida Commission on Human Relations (the Commission) alleging racial discrimination by the City in violation of the Florida Civil Rights Act (the Act), sections 760.01-760.11, Florida Statutes (1995). Joshua alleged the City denied her a promotion because she is an African-American.
In May of 1995, Joshua received a memorandum from her supervisor, James Hencin, that listed acts committed by Joshua which, according to Hencin, amounted to disruptive behavior. Each incident listed in that memo took place after Joshua filed her January 1995 complaint. The memo threatened future disciplinary action if such behavior continued. On July 21, 1995, after receiving this memo, Joshua filed another complaint against her employer alleging retaliation by the City in *434 violation of section 760.10(7)[1]. On January 20, 1998, Joshua filed a civil action in the circuit court alleging race-based discrimination arising from the above-stated actions.
On February 12, 1998, the City, in response to the circuit court complaint, filed a motion to dismiss alleging the action was time barred under section 760.11(5). The City maintained the civil action should have been filed by January 17, 1997, the last day of the one year plus 180-day period the City argued is allowed by a reading of sections 760.11(3) and 760.11(5). Relying on Milano v. Moldmaster, Inc., 703 So.2d 1093 (Fla. 4th DCA 1997) (holding that an employment discrimination case brought more than one year after the 180-day period was time-barred), the City argued that Joshua's one-year time limit on filing a civil action began to run on January 17, 1996, when, by operation of law, Joshua automatically obtained a determination of reasonable cause. According to the City, Joshua had until January 17, 1997, to file her complaint; her filing on January 20, 1998, was one year too late.
In the trial court, Joshua argued that section 760.11(5), which provides for the filing of a civil complaint within one year after receiving a reasonable cause determination, was not applicable to her case. She reasoned that the one-year period was not applicable because she did not receive a reasonable cause determination from the Commission based on her July 1995 claim nor did she receive any other communication regarding the status of her complaint within the 180-day period provided for in section 760.11(3). She further argued that section 760.11(8), which permits claimants who do not receive a reasonable cause determination to follow the options of filing a civil action or requesting an administrative hearing as provided in section 760.11(4), is permissive, not mandatory. Thus, Joshua opines she was not limited by the one-year limitation contained in section 760.11(5).
Joshua argued the permissive "may" used in subsections (4) and (8) of section 760.11 did not require her to file a civil action within one year after the 180-day period; the permissive "may" only gave her the option of doing so. Instead, Joshua contended, the general four-year statute of limitations for statutory causes of action under section 95.11(3), Florida Statutes (1995), should govern. See Hullinger v. Ryder Truck Rental, Inc., 548 So.2d 231 (Fla.1989) (holding that plaintiffs age discrimination suit was not time-barred by the two-year statutory limitation on age discrimination actions; instead, the four-year limit on actions for statutory violations would apply).
Relying on Milano, the trial court ruled for the City, finding that the last day of the 180-day period also marked the beginning of the one-year statute of limitation in which to file a civil action whether or not the claimant receives a reasonable cause determination. The trial court granted the City's motion to dismiss Joshua's cause of action. The First District Court of Appeal affirmed the dismissal but certified the question concerning the applicability of the one-year statute of limitation to situations where the Commission has failed to make a reasonable cause determination. See Joshua v. City of Gainesville, 734 So.2d 1068 (Fla. 1st DCA 1999).

DISCUSSION
The parties have demonstrated that the Florida Civil Rights Act embodied in Chapter 760 of the Florida Statutes does *435 not provide clear and unambiguous guidance to those who file complaints under its provisions nor to those who are brought into court on allegations of violating its terms. Our interpretation of the statute must be in keeping with the legislative intent embodied in the statutory scheme while protecting the procedural due process rights of claimants.

Legislative Intent
When interpreting a statute and attempting to discern legislative intent, courts must first look at the actual language used in the statute. See State v. Iacovone, 660 So.2d 1371 (Fla.1995); Miele v. Prudential-Bache Secs., Inc., 656 So.2d 470 (Fla.1995); Holly v. Auld, 450 So.2d 217 (Fla.1984). However, if the language of the statute is unclear, then rules of statutory construction control. See Holly, 450 So.2d at 219. One rule of construction provides "In statutory construction a literal interpretation need not be given the language used when to do so would lead to an unreasonable conclusion or defeat legislative intent or result in a manifest incongruity." Las Olas Tower Co. v. City of Fort Lauderdale, 742 So.2d 308, 312 (Fla. 4th DCA 1999), review granted, No. SC95674, 761 So.2d 330 (Fla. Mar.20, 2000). Once the intent is determined, the statute may then be read as a whole to properly construe its effect.
The preliminary paragraphs of chapter 760 explain its purpose and the manner in which the statute should be interpreted to effectuate that purpose. The statute's stated purpose and statutory construction directive are modeled after Title VII of the Civil Rights Act of 1964. See Florida State Univ. v. Sondel, 685 So.2d 923, 925 n. 1 (Fla. 1st DCA 1996) ("The Florida Civil Rights Act of 1992 ... was patterned after Title VII of the Civil Rights Act of 1964...)"; see also Green v. Burger King Corp., 728 So.2d 369, 371 (Fla. 3d DCA 1999) ("In addition to tracking much of the language of Title VII, the stated purpose is also in line with its federal counterpart."). Like Title VII, chapter 760 is remedial and requires a liberal construction to preserve and promote access to the remedy intended by the Legislature. See id.; see also Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla.1994) (statute enacted to prevent employer retaliation against whistleblowing employees was remedial legislation that should be liberally construed in favor of granting access to the remedy). Section 760.01(2) outlines the general purposes of the Act which include securing freedom from discrimination for all individuals and preserving the general welfare of all. See § 760.01(2). In addition, section 760.01(3), Florida Statutes (1995), states:
The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.
(Emphasis added.) We are guided by the Legislature's stated purpose for enacting this chapter and its directive that the Act be liberally construed in reaching our decision.
This case revolves around four statutory provisions, sections 760.11(3), 760.11(4), 760.11(5) and 760.11(8). Each describes a separate step in the procedure that is triggered once an individual files a complaint with the Florida Commission on Human Relations. Section 760.11(3) requires the Commission to make a reasonable cause determination within 180 days of the filing of a claim. Section 760.11(4)[2] explains *436 steps that claimants may take if the Commission has determined there is reasonable cause to believe that the discriminatory action occurred. Section 760.11(5) outlines the right to file and the limitations on the filing of civil actions. Section 760.11(8) describes how claimants who do not receive a reasonable cause determination within 180 days may proceed.[3]
It is clear from a plain reading of the language of the Act that a complainant who receives a favorable reasonable cause determination within 180 days from the filing of a complaint with the Commission has one year from the date of the determination to bring a civil action. See § 760.11(5). It is also clear that a complainant who receives a determination that there is no reasonable cause to believe a violation of the Act occurred will have his complaint with the Commission dismissed.[4] What is not clear, however, is what happens when the Commission fails to make any determination within the allotted 180 days. The City argues that when the four sections of the Act are read in pari materia,[5] the answer is cleara complainant has a year and a half from the filing of the complaint with the Commission to bring a civil action. Joshua, on the other hand, argues that when the various subsections of the Act are read together, there is no basis to conclude that the complainant must proceed within the time period stressed by the City. Although section 760.11(8) purports to address this circumstance, it is less than clear that a complainant is bound to proceed in the manner outlined. The term "may" in section 760.11(8) can be read to give a complainant the option to proceed under section 760.11(4) but does not require one to do so. Both the City and Joshua's interpretations appear to be reasonable conclusions that may be drawn from a reading of various sections of the Act.
The question that we must ask ourselves, therefore, is whether or not, given the other provisions of the Act, the Legislature intended persons aggrieved under the Act to proceed with a civil action without investigation by the Commission or notice from the Commission of the available options. When the Act is read as a whole, we conclude that the Legislature wanted persons who believe they have been the object of discrimination to go through the administrative process prior to bringing a circuit court civil action. Section 760.01(2), Florida Statutes (1995), provides:
The general purposes of the Florida Civil Rights Act of 1992 are to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, *437 to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.
To further these ends, in section 760.06 the Legislature, created the Florida Commission on Human Relations. Some of the powers of this Commission are:
(5) To receive, initiate, investigate, seek to conciliate, hold hearings on, and act upon complaints alleging any discriminatory practice, as defined by the Florida Civil Rights Act of 1992.
(6) To issue subpoenas for, administer oaths or affirmations to and compel the attendance and testimony of witnesses or to issue subpoenas for and compel the production of books, papers, records, documents, and other evidence pertaining to any investigation or hearing convened pursuant to the powers of the commission. In conducting an investigation, the commission and its investigators shall have access at all reasonable times to premises, records, documents, and other evidence or possible sources of evidence and may examine, record, and copy such materials and take and record the testimony or statements of such persons as are reasonably necessary for the furtherance of the investigation.
See § 760.06(5)-(6). Furthermore, the Legislature's desire that aggrieved persons avail themselves of the remedies provided by the Commission prior to seeking court action is made clear in section 760.07.
Thus, despite the language of section 760.11(8), which allows a complainant to proceed to circuit court without a reasonable cause determination, the entire statutory scheme seems to favor exhaustion of administrative remedies prior to court action. It would appear contrary to that scheme to require a person to proceed to court without any indication from the Commission of the progress, or lack thereof, in investigating the complaint filed with that body.
Joshua's reliance on section 95.11(3)(f), which provides a four-year statute of limitations for actions based on statutory liability, finds support in our decision in Hullinger, and the Legislature's failure to clarify this area subsequent to Hullinger. In Hullinger, a claimant brought an age discrimination action against his former employer by filing a complaint with the Commission pursuant to section 760.10, Florida Statutes (1983). At that time, section 760.10(12) authorized a civil action if the Commission failed to act on a claim within 180 days of filing. After waiting three years from the date of filing, Hullinger initiated a suit against Ryder Truck Rental alleging wrongful discharge and requesting compensation for lost wages. The Commission still had not responded to his complaint by the time Hullinger filed his action. The trial court dismissed Hullinger's claim as time-barred by the two-year statute of limitations contained in section 95.11(4)(c), Florida Statutes (1983),[6] which governs actions to recover lost wages. The Fifth District Court of Appeal affirmed. See Hullinger v. Ryder Truck Rental, Inc., 516 So.2d 1148 (Fla. 5th DCA 1987). This Court agreed with Hullinger's argument that his claim was premised on the violation of a statute. Accordingly, we applied the four-year statute of limitations contained in section 95.11(3)(f).
Since the decision in Hullinger, chapter 760 has undergone some major revisions. See ch. 92-177, Laws of Fla. Although the provision of the Act which allows a claimant to file a civil action if no reasonable cause determination is made within 180 days of the filing of the complaint was placed in a different section of the Act, the substance of the provision, including the permissive "may" language, remained the *438 same. However, one of the changes in the statute includes that portion of section 760.11(5) which provides for the commencement of a civil action "no later than 1 year after the date of determination of reasonable cause by the commission." When this provision of the Act was promulgated, the Legislature was well aware of the fact that the Commission did not always make a determination within the 180 days following the filing of the complaint, as had occurred in Hullinger. The Legislature was also aware that complainants could, pursuant to the statute, file a civil action after that 180-day period had expired. It follows that the Legislature was fully aware of the confusion engendered by the prevailing statutory law and judicial decisions regarding discrimination claims in existence at the time it created the Florida Civil Rights Act in 1992. See Schwartz v. Geico General Ins. Co., 712 So.2d 773, 774 (Fla. 4th DCA 1998) ("[T]he legislature is `presumed to know the existing law when it enacts a statute.'") (quoting Williams v. Jones, 326 So.2d 425, 437 (Fla.1975)); Wood v. Fraser, 677 So.2d 15 (Fla. 2d DCA 1996) (noting "Florida's well-settled rule of statutory construction that the legislature is presumed to know the existing law where a statute is enacted, including `judicial decisions on the subject concerning which it subsequently enacts a statute'") (quoting Collins Inv. Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla.1964)). Yet, the Legislature chose to make the limitations period contingent on the receipt of a reasonable cause determination.
In contrast, the City relies on Milano v. Moldmaster, Inc., 703 So.2d 1093 (Fla. 4th DCA 1997), in its argument that claimants have one year from the expiration of the 180-day period after filing with the Commission to bring their civil action. In Milano, the claimant filed a complaint with the Commission on April 8, 1994, after being fired from her job. The Commission did not issue a reasonable cause determination within 180 days. More than one year after the end of that 180-day period, Milano filed a civil action against her employer. The trial court ruled that the statute of limitations had run and dismissed the cause of action. See id. at 1093. While there is some merit to this argument, and although it certainly addresses the City's argument that the claimant has some duty to ensure the expeditious resolution of her claim, it fails to take into account the claimants' right to fair notice and an opportunity to be heard.

Procedural Due Process
An individual's procedural due process rights are violated when a deprivation of a right has occurred without notice and an opportunity to be heard. See LaChance v. Erickson, 522 U.S. 262, 118 S.Ct. 753, 139 L.Ed.2d 695 (1998); see also Mathews v. Eldridge, 424 U.S. 319, 332-333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). When assessing whether or not a violation of due process has occurred, "a court must first decide whether the complaining party has been deprived of a constitutionally protected liberty or property interest. Absent such a deprivation, there can be no denial of due process." Economic Dev. Corp. v. Stierheim, 782 F.2d 952, 953-954 (11th Cir.1986). We find guidance in applying this standard from Logan v. Zimmerman Brush, Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).
At issue in Logan was the Illinois Fair Employment Practices Act (FEPA)[7] which provided a mechanism similar to Florida's for resolving discrimination claims. Under that statute, in Illinois, a complainant had 180 days to lodge a charge of employment discrimination from the time of the alleged incident. The Commission then has 120 days to investigate the claim. In Logan, the employee filed a timely charge, but the Commission scheduled the fact-finding conference for a date five days after the 120-day period. Logan's former employer then moved to dismiss the claim as time-barred. *439 That motion was denied, but the employer sought a writ of prohibition to prevent the Commission from holding a hearing and ultimately granting Logan relief. The Illinois Supreme Court granted the writ, finding that the 120-day convening requirement was a jurisdictional prerequisite.
The United States Supreme Court found that Logan's claim was a constitutionally protected property interest and that Logan was entitled to have his complaint processed. He could not be prevented from doing so by the agency's mishandling of his claim. In Logan, the Court noted, "The hallmark of property... is an individual entitlement grounded in state law, which cannot be removed except `for cause.'" Id. at 430, 102 S.Ct. 1148. Public employment is a constitutionally protected property interest. See Gilbert v. Homar, 520 U.S. 924, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997); Board of Regents v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Florida Civil Rights Act, sections 760.01-760.11 (1995), was created to protect that property interest. It follows that violations of the Act are themselves deprivations of a property interest.
The Act demonstrates the Legislature's intent that one claiming a deprivation under its terms would have the Commission make a preliminary reasonable cause determination, notify the claimant of its findings, and inform the claimant of the possible next steps that can be taken. See § 760.11(3), (4). Prohibiting claimants from seeking redress for statutory violations of this interest prior to allowing them sufficient procedural due processboth notice and the opportunity to be heard constitutes a deprivation of constitutionally protected rights.
As in Logan, this case involves administrative inaction and error. Joshua's constitutionally protected rights should not be denied because the Commission failed to give her adequate notice. A claimant should not be penalized for attempting to allow a government agency to do its job. Since the legislative intent is to uproot discrimination, we now seek to preserve that intent by finding Joshua's civil action timely filed under section 95.11(3)(f). Since the Legislature has undertaken to address the problem of discrimination, we believe that its agents should take the necessary steps to protect the interests of the claimants who fall within its purview. The Commission should take that step by providing some type of notice to claimants within 180 days of filing regarding the status of their claims.
For the reasons stated above, we answer the certified question in the negative. We hold that the statute of limitations for causes of action based on statutory liability, section 95.11(3)(f), applies to situations where the Commission has not made a reasonable cause determination within 180 days. We, therefore, quash the decision below and remand for further proceedings not inconsistent with this decision.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
NOTES
[1] Section 760.10(7), Florida Statutes (1995), states:

It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.
[2] Section 760.11(4) provides:

In the event that the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:
(a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or
(b) Request an administrative hearing under ss. 120.569 and 120.57.
The election by the aggrieved person of filing a civil action or requesting an administrative hearing under this subsection is the exclusive procedure available to the aggrieved person pursuant to this act.
[3] Section 760.11(8) provides:

In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.
[4] Section 760.11(7) states: "If the commission determines that there is not reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred, the commission shall dismiss the complaint."
[5] "[I]f from a view of the whole law, or from other laws in pari materia the evident intent is different from the literal import of the terms employed to express it in a particular part of the law, that intent should prevail, for that, in fact is the will of the Legislature." Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452 (Fla.1992) (quoting 2 Sutherland's Statutory Construction, Sec. 366, p. 701).
[6] At the time Hullinger brought his civil action, there was no provision in Chapter 760 requiring the commencement of a civil action within one year of the date of the reasonable cause determination.
[7] Ill.Rev.Stat., ch. 48, para. 851 et seq. (1979).