QUINCE, J.
We have for review a decision of the Second District Court of Appeal that cited as controlling authority Joshua v. City of Gainesville, 734 So.2d 1068 (Fla. 1st DCA 1999), quashed, 768 So.2d 432 (Fla.2000), which was then pending review in this Court. See Ellsworth v. Polk County Board of County Commissioners, 751 So.2d 87 (Fla. 2d DCA 1999). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981). Based on our recent decision in Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000), we quash the decision of the district court.
John Ellsworth (Ellsworth) filed charges of discrimination against the Polk County Board of County Commissioners (the Board) with the Florida Commission on Human Relations (the Commission) on February 11, 1997. The Commission failed to make a reasonable cause determination within the 180 day period embodied in section 760.11(8).[1] On November 19, 1998, Ellsworth filed his initial complaint in the Circuit Court of the Tenth Judicial Circuit alleging the Board violated the Florida Civil Rights Act of 1992 by failing to hire and promote him to several positions for which he was qualified because of his age.[2] Ellsworth later filed an amended complaint relating back to his original complaint on January 25,1999.
The Board filed a motion to dismiss, alleging Ellsworth’s action was barred by the one-year statute of limitations set forth in section 760.11(5), Florida Statutes (1995).[3] The Board claimed that the one-year statute of limitations began to run at the end of the 180-day period when the Commission failed to make a reasonable cause determination. The trial court agreed and granted the motion to dismiss with prejudice. The Second District affirmed the trial court’s dismissal, citing *905 Joshua v. City of Gainesville, 734 So.2d 1068 (Fla. 1st DCA 1999), as controlling authority.
In Joshua, the First District Court of Appeal held the one-year statute of limitations applies when the Commission fails to make a reasonable cause determination within 180 days. See id. at 1071. However, the First District certified the following as a question of great public importance:
DOES THE SECTION 760.11(5), FLORIDA STATUTES (1995), ONE-YEAR STATUTE OF LIMITATIONS FOR FILING CIVIL ACTIONS “AFTER THE DATE OF DETERMINATION OF REASONABLE CAUSE BY THE COMMISSION” APPLY ALSO UPON THE COMMISSION’S FAILURE TO MAKE ANY DETERMINATION AS TO “REASONABLE CAUSE” WITHIN 180 DAYS AS CONTEMPLATED IN SECTION 760.11(8), FLORIDA STATUTES (1995), SO THAT AN ACTION FILED BEYOND THE ONE-YEAR PERIOD IS TIME BARRED?
We recently answered this question in the negative and held that the general four-year statute of limitations for statutory causes of action embodied in section 95.11(3)(f), Florida Statutes (1999), applies when the Commission fails to make a reasonable cause determination within 180 days. See Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000). Because the Second District’s decision in Ellsioorth relied upon the decision of the First District in Joshua, we quash the decision below and remand for further proceedings not inconsistent with this decision.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.

.Section 760.11(8), Florida Statutes (1995), provides in pertinent part: "In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.” Section 760.11(4), Florida Statutes (1995), explains steps that claimants may take if the Commission has determined there is reasonable cause to believe that discriminatory action has occurred.

. See § 760.10(l)(a), Fla. Stat. (1995).

. Section 760.11(5), Florida Statutes (1995), provides in pertinent part: "A civil action brought under this section shall be commenced no later than 1-year after the date of determination of reasonable cause by the commission.”