782 So.2d 988 (2001)
Jené WILLIAMS, Appellant, and
The Florida Commission on Human Relations, Intervenor,
v.
SOUTHEAST FLORIDA CABLE, INC., Appellee.
No. 98-4387.
District Court of Appeal of Florida, Fourth District.
April 18, 2001.
*989 Jeanne C. Brady and Frank R. Brady of Brady & Brady, P.A., Boca Raton, for appellant.
Cynthia N. Sass of Bole & Sass and Gail M. Flatow of The Law Office of Gail M. Flatow, Tampa, for Amicus Curiae The Florida Chapter of the National Employment Lawyers Association.
Dana Baird, General Counsel, Miles A. Lance and Evelyn D. Golden, Assistant General Counsel, of the Florida Commission on Human Relations, Tallahassee, for intervenor.
John P. Marino and Marla S. Petrini of LeBoeuf, Lamb, Greene & MacRae, L.L.P., Jacksonville, for appellee.
DELL, J.
Jené Williams appeals from a summary judgment on her claims for handicap discrimination and racial discrimination against appellee, Southeast Florida Cable, Inc., her former employer. She also appeals from the dismissal with prejudice of her claim for intentional infliction of emotional distress.
On August 14, 1995 and on October 13, 1995, appellant filed administrative complaints for discrimination with the Florida Commission on Human Relations (FCHR) pursuant to section 760.11(1), Florida Statutes (1995). On March 5, 1997, appellant, having received no determination from the FCHR, filed a civil complaint in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County. On July 30, 1997, appellant filed an amended complaint in which she alleged claims for employment *990 discrimination because of handicap, in violation of sections 760.01 through 760.11 Florida Statutes (1995), the Florida Civil Rights Act of 1992 (Count I), and discrimination based on race, also in violation of the Florida Civil Rights Act (Count II). In Count III, appellant sought damages for intentional infliction of emotional distress. On March 10, 1998, the trial court granted appellee's motion for partial summary judgment on appellant's claims for discrimination, concluding that the statutory discrimination claims were time barred under this court's holding in Milano v. Moldmaster, Inc., 703 So.2d 1093 (Fla. 4th DCA 1997).[1] On March 20, 1998, appellant moved to amend her complaint to add federal claims under 42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended ["Title VII"]), 42 U.S.C. § 12201 et seq. (the Americans with Disability Act of 1990, as amended ["The ADA"]), and 42 U.S.C. § 1981. The trial court denied the motion to amend. On December 3, 1998, the trial court granted appellee's motion to dismiss appellant's claim for intentional infliction of emotional distress.
Appellant contends that the trial court erred: when it concluded that her claims for discrimination pursuant to the Florida Civil Rights Act were time barred; by dismissing her claim for intentional infliction of emotional distress; by denying her motion to amend her complaint to add claims under Title VII, the ADA, and 42 U.S.C. § 1981; and by granting appellee's motion for a protective order limiting the scope of discovery.
First, appellant argues that the trial court erred when it found that her claims of discrimination based on the Florida Civil Rights Act were time barred because she failed to file her civil complaint within one year of the expiration of the 180 day period following the filing of her administrative complaint. The trial court granted summary judgment based on this court's decision in Milano. However, after Milano, the First District in Joshua v. City of Gainesville, 734 So.2d 1068 (Fla. 1st DCA), rev. granted, 735 So.2d 1285 (Fla.1999), certified the following question:
DOES THE SECTION 760.11(5), FLORIDA STATUTES (1995), ONE-YEAR STATUTE OF LIMITATIONS FOR FILING CIVIL ACTIONS "AFTER THE DATE OF DETERMINATION OF REASONABLE CAUSE BY THE COMMISSION" APPLY ALSO UPON THE COMMISSION'S FAILURE TO MAKE ANY DETERMINATION AS TO "REASONABLE CAUSE" WITHIN 180 DAYS AS CONTEMPLATED IN SECTION 760.11(8), FLORIDA STATUTES (1995), SO THAT AN ACTION FILED BEYOND THE ONE YEAR PERIOD IS TIME BARRED?
734 So.2d at 1071. The Supreme Court held:
For the following reasons, we answer this certified question in the negative. We hold that the general four-year statute of limitations for statutory violations, section 95.11(3)(f), Florida Statutes (1995), applies to actions filed pursuant to chapter 760, Florida Statutes, if the Commission on Human Relations does not make a reasonable cause determination *991 on a complaint within the 180 days contemplated by section 760.11(8), Florida Statutes (1995).
Joshua v. City of Gainesville, 768 So.2d 432, 433 (Fla.2000). Because appellant filed her complaint within the four-year period prescribed by section 95.11(3)(f), we reverse the trial court's entry of summary judgment and remand with directions to reinstate the claims for discrimination alleged in counts I and II of appellant's amended complaint.
Next, we hold that appellant has failed to demonstrate that the trial court erred when it dismissed her claim for intentional infliction of emotional distress. The conduct alleged does not meet the standard of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Metro. Life Ins. Co. v. McCarson, 467 So.2d 277, 278-279 (Fla.1985) quoting Restatement (Second) of Torts § 46 (1965).
In her third point on appeal, appellant contends that the trial court erred by denying her motion to amend the complaint to allege causes of action based upon Title VII, the ADA and § 1981. Appellant did not seek to plead these causes of action for more than a year after she filed her civil complaint. Pursuant to Title VII and the ADA, an aggrieved party must first seek a right to sue letter from the Equal Employment Opportunity Commission, and then file the claim within 90 days of the time the EEOC issues the letter. 29 CFR § 1601.28(e)(1). On February 2, 1997, the EEOC issued appellant's right to sue letter but she did not move to add these claims until March 20, 1998. Although appellant's federal claims arise out of the same or similar conduct as her state law claims, they constitute new and different causes of action. See Andujar v. Nat'l. Prop. & Cas. Underwriters, 659 So.2d 1214 (Fla. 4th DCA 1995). Appellee correctly argues that appellant's Title VII and ADA claims were time barred.
[T]his Court has held that once a claim is extinguished by the statute of limitations, it cannot be revived as a result of a subsequent court decision, In re Estate of Smith, 685 So.2d 1206, 1210 (Fla.), cert. denied, 520 U.S. 1265, 117 S.Ct. 2434, 138 L.Ed.2d 195 (1997), or as a result of legislative action, Wiley v. Roof, 641 So.2d 66, 68-69 (Fla.1994). This is because after an action has been time barred, the defendant possesses a constitutionally protected property interest to be free from that claim.
Wood v. Eli Lilly & Co., 701 So.2d 344, 346 (Fla.1997). See also Gusow v. A.B.C. Elec. Contractors, Inc., 524 So.2d 1109 (Fla. 4th DCA 1988); Cox v. Seaboard Coast Line R.R. Co., 360 So.2d 8 (Fla. 2d DCA 1978). Therefore, we affirm the trial court's denial of appellant's motion for leave to amend to add claims pursuant to Title VII and the ADA.
However, we reverse the trial court's denial of appellant's motion to amend to state a claim pursuant to 42 U.S.C. § 1981. Appellant was dismissed from her employment on October 17, 1994. The parties agree that in Florida, the limitations period for a claim made pursuant to section 1981 is four years. See Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); Baker v. Gulf & Western Indus., 850 F.2d 1480 (11th Cir.1988). Thus, appellant's claim was not time-barred on March 20, 1998. Under the facts alleged, the trial court should have granted appellant's motion for leave to amend to add a claim pursuant to section 1981.
Finally, appellant contends that the trial court erred in granting appellee's motion *992 for protective order. The motion asserted that appellant was using the discovery process to harass appellee. It alleged, inter alia, that appellant's requests for interrogatories violated Florida Rule of Civil Procedure 1.340, and that appellant sought or intended to seek the depositions of 34 witnesses, but refused to cooperate with appellee's counsel to schedule those depositions at mutually agreeable times. In light of the reinstatement of appellant's claims for discrimination pursuant to the Florida Civil Rights Act and the addition of her claim pursuant to 42 U.S.C. § 1981, we reverse the trial court's order granting appellee's motion for protective order and remand for reconsideration of the appropriate scope of discovery.
Accordingly, we affirm the dismissal of appellant's claim for intentional infliction of emotional distress, and the denial of her motion for leave to amend to add causes of action pursuant to Title VII and the ADA. We reverse the summary judgment on appellant's claims for employment discrimination based upon handicap and race, and remand with directions to reinstate these claims. We also reverse the order denying appellant's motion for leave to amend her complaint to assert claims pursuant to 42 U.S.C. § 1981. Finally, we reverse the trial court's order granting appellee's motion for protective order and remand for reconsideration and modification of that order as may be consistent herewith.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WARNER, C.J., and GUNTHER, J., concur.
NOTES
[1] This court granted the FCHR and the Florida Chapter of the National Employment Lawyers Association permission to intervene and to file briefs addressing the holding in Milano supra. Following oral argument, this case was stayed pending the Florida Supreme Court's decision in Joshua v. City of Gainesville, 734 So.2d 1068 (Fla. 1st DCA), rev. granted, 735 So.2d 1285 (Fla.1999). The supreme court has issued its opinion in Joshua v. City of Gainesville, 768 So.2d 432 (Fla. 2000).