[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13726
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00747-CEH-SPC

MANUEL HERNANDEZ,

Plaintiff-Appellant,

versus

WILSONART INTERNATIONAL, INC.,
a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 16, 2012)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Manuel Hernandez appeals the summary judgment against his complaint

that he was denied employment at Wilsonart International, Inc., because of discrimination based on national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10. The district court ruled that Hernandez failed to prove that the legitimate non-discriminatory reasons Wilsonart gave for declining to hire Hernandez were pretextual.  We affirm.

Hernandez argues that Wilsonart rejected his application for a position as a delivery driver because he is Hispanic.  Under Title VII and the Florida Civil Rights Act, it is unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's . . . national origin."  42 U.S.C. § 2000e-2(a)(1); Fla. Stat. § 760.10(1)(a).  The Florida Act was modeled after and employs the same analytical framework as Title VII.  Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998); Joshua v. City of Gainesville, 768 So. 2d 432, 435 (Fla. 2000).  Because the district court concluded that Hernandez established a prima facie case of discrimination, we review de novo whether the reasons proffered for his termination were merely pretexts for discrimination.  See Rowell v. BellSouth Corp., 433 F.3d 794, 798 (11th Cir. 2005).

Wilsonart presented evidence that it rejected Hernandez's application for

2

two legitimate, non-discriminatory reasons. First, Hernandez failed to submit a verifiable work history. Wilsonart requested that applicants submit a general application form and a driver's application form listing the names and telephone numbers of their employers for the preceding three years. Within the same time frame that the individuals Wilsonart hired, Anthony Palmer and Carl Renninger, had submitted their forms and supplementary documents required to complete the application process, Hernandez had submitted only incomplete application forms. Second, Hernandez had the least work experience. Hernandez had four years of driving experience, but both Palmer and Renninger had more years of driving experience.

Hernandez failed to create a genuine factual dispute about the legitimacy of those reasons. To prove pretext, Hernandez had to establish there were "'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the . . . proffered legitimate reasons . . . that a reasonable factfinder could find them unworthy of credence.'" Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1265 (11th Cir. 2010) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997)). Hernandez argues that the decisionmaker at Wilsonart, Thomas Grear, testified inconsistently about basing his decision on customer complaints about Hernandez's work for a previous employer, but even if

3

that proffered reason is false, Hernandez is not "entitle[d] . . . to get past summary judgment" given the other legitimate, non-discriminatory reasons to reject his application. Id. at 1264. Hernandez also argues that he was equally qualified for the driver position and eliminated from the interview process unfairly, but Wilsonart was entitled to conclude that Hernandez was not as qualified as either Palmer or Renninger. See id. at 1266.

Hernandez failed to present evidence that the reasons proffered by Wilsonart were pretextual. "We are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999). Viewing all the evidence in the light most favorable to Hernandez, he failed to create a genuine dispute that the reasons that Wilsonart proffered for rejecting his application were discriminatory or unworthy of credence. Alvarez, 610 F.3d at 1265.

The summary judgment in favor of Wilsonart is **AFFIRMED**.