Timothy **FREEMAN**, Plaintiff,

v.

**WALGREEN CO.**, Defendant.

No. 0514202CIV.

United States District Court, S.D. Florida.

Dec. 12, 2005.

Gordon Robert Leech, Samster Konkel & Safran, Milwaukee, WI, for Plaintiff.

### ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court on Defendant Walgreen, Co.'s Motion for Partial Dismissal [**DE # 8**] filed on October 4, 2005. The Plaintiff, Timothy Free-man, has filed this action claiming viola-tions of the Florida Civil Rights Act of 1992, as amended, Fla. Stat. 760.01–760.11 (FCRA), and Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e (Title VII). The Defendant seeks an order dismissing Counts I and II of the Plaintiff's complaint as time-barred by the FCRA. The Court has reviewed the motion and is fully ad-vised in the premises.

### I. Background

For purposes of a motion to dis-miss, the Court accepts the facts alleged in the complaint as true. *Hunnings v. Texa-co, Inc.,* 29 F.3d 1480, 1483 (11th Cir.1994). Plaintiff Timothy Freeman (Freeman) was an employee of Defendant Walgreen, Co. (Walgreens) in various stores in Florida from 1993–2001. During that time, Free-man was allegedly subjected to sexually harassing conduct by co-worker Anne McIntyer. This conduct was allegedly en-couraged by Freeman's supervisor Joe Gross. After Freeman complained about the harassing conduct, Walgreens failed to prevent further harassment and retaliated against Freeman by, for instance, denying him a pay raise and denying vacation re-quests. In 2001, he filed a complaint with the Equal Employment Opportunity Com-mission (EEOC) and transferred to a Wal-greens store in Massachusetts. Freeman alleges that Walgreens continued to retali-ate against him after his transfer, eventu-ally forcing him to resign.

Mr. Freeman filed his first charge of discrimination with the EEOC and the Florida Commission on Human Relations (FCHR or Commission) on July 21, 2001. On May 31, 2002, Freeman received a Notice of Right to Sue from the EEOC; he had not received any determination from the FCHR. On August 29, 2002, Freeman filed a Complaint in this Court style 02–14250–CIV–PAINE, asserting his

sexual harassment and retaliation claims based on the conduct occurring in Florida. On January 31, 2003, however, the case was dismissed without prejudice, following Freeman's Notice of Voluntary Dismissal.

Freeman filed a second charge of discrimination, alleging retaliation occurring in Massachusetts, on February 23, 2004. He received a Notice of Right to Sue on August 23, 2004, and filed a Second Complaint in this Court on November 19, 2004, styled 04–81064–CIV–MIDDLEBROOKS. The parties filed a Joint Stipulation of Dismissal Without Prejudice on April 25, 2005, and this Court affirmed the Stipulation, dismissing the case without prejudice on April 28, 2005.

Finally, Freeman filed the instant complaint on July 11, 2005. Counts I and II of the instant complaint assert claims under the FCRA for sexual harassment and retaliation, respectively. These counts arise out of the allegations from Freeman's first charge of discrimination, filed on July 21, 2001. Count III asserts a claim for retaliation under Title VII, arising from the events in Massachusetts that formed the basis of Freeman's second charge of discrimination.

## II. Analysis

Under the Florida Civil Rights Act, an aggrieved person must file a complaint with the FCHR and/or the EEOC before he can sue in court. *See* Fla. Stat. 760.11(1). The FCHR must investigate and determine whether there is "reasonable cause" to believe that a violation has occurred within 180 days of filing the complaint. Fla. Stat. 760.11(3). If the Commission determines that reasonable cause exists, the complainant can either bring a civil action in court or request an administrative hearing. Fla. Stat. 760.11(4). If the Commission fails to reach a conclusion on whether there is or is not reasonable

cause within the mandated 180 day period, the complainant "may proceed under subsection (4), as if the commission determined that there was reasonable cause." Fla. Stat. 760.11(8).

Section 760.11(5) establishes guidelines for civil actions brought under the FCRA. It includes the requirement that

> A civil action brought under this section shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission. The commencement of such action shall divest the commission of jurisdiction of the complaint, except that the commission may intervene in the civil action as a matter of right.

(emphasis added).

The Defendant argues that 760.11(5)'s "one year" limitation should bar Freeman's FCRA claims. Freeman filed his initial complaint, which forms the basis of counts I and II, in July 2001. By May 31, 2002, the FCHR's 180 days had long since passed without any determination for or against reasonable cause. Freeman thus filed a civil action on August 29, 2002, following section 760.11(8)'s option to "proceed under subsection (4), as if the commission determined that there was reasonable cause." Since 760.11(5) requires civil actions to "be commenced no later than 1 year after the date of determination of probable cause by the commission," Walgreens argues that subsection 5's one-year clock began ticking when Freeman filed his action on August 29, 2002 as if the FCHR had found reasonable cause. Under this interpretation, Freeman's current action, filed in July 2005, comes far too late; he needed to commence his suit no later than August 29, 2003.

 Freeman responds that a four-year statute of limitations applies to his action. He relies primarily on the Florida Supreme Court's holding in *Joshua v. City of*

*Gainesville,* 768 So.2d 432 (Fla.2000). In *Joshua,* Florida's First District Court of Appeal certified the following question to the Florida Supreme Court:

> Does the section 760.11(5), Florida Statutes (1995), one-year statute of limitations for filing civil actions "after determination of reasonable cause by the commission" apply also upon the commission's failure to make any determination as to the "reasonable cause" within 180 days as contemplated in section 760.11(8), Florida Statutes (1995), so that an action filed beyond the one-year period is time barred?

*Id.* at 433. The Court ultimately concluded "We hold that the [four year] statute of limitations for causes of action based on statutory liability...applies to situations where the Commission has not made a reasonable cause determination within 180 days." *Id.* at 439. Freeman's situation is one where the Commission had not made a reasonable cause determination within 180 days; thus, Freeman argues, his action is governed by the four-year statute of limitations.

Although the above-quote passage from *Joshua* appears to directly address the issues here, the context of *Joshua* indicates that it does not control this case. The Plaintiff in *Joshua* initially filed her civil action more than one year and 180 days after filing her charge. The Defendant in that case argued that if the FCHR had not made a determination after 180 days, subsection 5's one-year clock began running automatically. The Florida Supreme Court rejected this interpretation because it would frustrate several purposes of the FCRA. Specifically, it would penalize complainants for relying on a government agency and awaiting an administrative remedy. Furthermore, it would prevent some claimants from seeking redress for discrimination without Constitutionally guaranteed due process. However, Walgreens' interpretation relies on the claimant's own decision to initiate an action as the start of the one-year clock, thus eliminating the concern that the claimant would never get her day in court.

As the Florida Supreme Court stated in *Joshua,* when the statutory language is ambiguous, the Court should construe the statute to effectuate the purpose of the individual provisions and the act as a whole. 768 So.2d at 435, 436. The statute clearly does not contemplate the specific situation before the Court. Ordinarily, one would not expect subsection 5's one-year limitation on commencement to be a problem for a complainant electing to file a civil action pursuant subsections 8 and 4. Even if filing the suit started the one-year clock, it would usually simultaneously satisfy the limitation.

What is clear, however, is that the legislature intended suits filed after 180 days with no reasonable cause determination to proceed in the same way as suits filed following a finding of reasonable cause. Subsection 8 specifically says that the complainant could file suit *"as if the commission determined that there was reasonable cause."* It does not say that the complainant can file suit "despite the lack of a determination" or "without a determination." In effect, subsection 8 allows the complainant to assume a finding of reasonable cause and choose to file suit, rather than waiting for the Commission's determination. Subsection 8 refers the complainant back to subsection 4. The civil actions filed pursuant to subsection 4 are governed by all the specifications in subsection 5, which include guidelines on the relief a court can grant, the guarantee of trial by jury, as well as the one-year commencement limitation.

The one-year limitation serves the purpose of assuring defendants that once a civil action becomes likely, the threat of litigation will not dangle over their heads indefinitely like a sword of Damocles. It

would make little sense to apply the one-year limitation in situations where the FCHR had issued a determination of reasonable cause but not in situations where the parties proceed "as if" the FCHR had made the same determination. The Court agrees with the Florida Supreme Court's interpretation in *Joshua* to ensure that complainants had access to courts, were not forced to take action without knowing their rights, and were not penalized by relying on a slow-moving agency. In this case, however, there is no concern that the Plaintiff is being forced into action or is not being afforded an opportunity to be heard. The Plaintiff started his own clock, initiated his own opportunity to be heard, and is being penalized only for his own stalling. It is

**ORDERED AND ADJUDGED** that Defendant's Motion for Partial Dismissal [DE # 8] is **GRANTED.** Counts I and II of the Complaint are dismissed. Count III remains pending.