DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AISY ALEU, PHARM. D.,**
Appellant,

v.

**NOVA SOUTHEASTERN UNIVERSITY, INC.,**
a Florida not-for-profit-corporation,
Appellee.

No. 4D22-697

[February 15, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE21-005185(04).

William R. Amlong, Karen Coolman Amlong, and Jennifer Daley of The Amlong Firm, Fort Lauderdale, for appellant.

Richard A. Beauchamp and Benjamin P. Bean of Panza, Maurer & Maynard, P.A., Fort Lauderdale, for appellee.

GERBER, J.

Aisy Aleu ("the employee") appeals from the circuit court's final summary judgment in favor of Nova Southeastern University ("the employer") on the employee's statutory civil rights action against the employer. The employee argues the circuit court erred in finding the employee's action was time-barred under the one-year limitation period provided in section 760.11(5), Florida Statutes (2015) ("A civil action brought under this section shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission."). According to the employee, under the circumstances of this case, the four-year limitation period in section 95.11(3)(f), Florida Statutes (2015), for "[a]n action founded on a statutory liability" should have applied to her action.

We disagree with the employee's argument. Therefore, we affirm the circuit court's summary judgment.

We will present this case's procedural history before turning to our review.  Our review will include our reconciliation of:  (1) *Woodham v. Blue Cross and Blue Shield of Florida, Inc.*, 829 So. 2d 891 (Fla. 2002), upon which the employer primarily relies; and (2) *Joshua v. City of Gainesville*, 768 So. 2d 432 (Fla. 1984), upon which the employee primarily relies.

### *Procedural History*

On February 16, 2016, the employee filed with the Equal Employment Opportunity Commission ("EEOC") a complaint describing acts by which her employer allegedly had discriminated against her based on sex and family status, and had retaliated against her after she had complained of the employer's discrimination.

By filing her discrimination complaint with the EEOC, the employee effectively had filed her discrimination complaint with the Florida Commission on Human Relations ("FCHR"), pursuant to section 760.11(1), Florida Statutes (2015):

> Any person aggrieved by a violation of ss. 760.01-760.10 may file a complaint with the [FCHR] ….  In lieu of filing the complaint with the [FCHR], a complaint under this section may be filed with the federal Equal Employment Opportunity Commission ….  The date the complaint is filed with the [FCHR] for purposes of this section is the earliest date of filing with the Equal Employment Opportunity Commission ….

§ 760.11(1), Fla. Stat. (2015); *cf. Wells Fargo Guard Servs. Inc. of Fla. v. Lehman*, 799 So. 2d 252, 254 (Fla. 3d DCA 2001) ("[W]hen a charge is dually filed with the EEOC and the FCHR, the date of filing with the EEOC shall also be considered the date of filing with the FCHR.").

On December 28, 2017, the employee filed with the EEOC a supplemental discrimination complaint describing other acts by which her employer allegedly had discriminated against her based on sex, age, national origin, and family status, and had retaliated against her after she had complained of the employer's discrimination.

On June 21, 2018—more than two years after the employee had filed her original discrimination complaint, but within 180 days of the employee having filed her supplemental discrimination complaint—the EEOC issued a "Dismissal and Notice of Rights," informally known as a "right-to-sue notice."  The right-to-sue notice informed the employee:

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

On March 11, 2021—nearly three years after the EEOC had issued its right-to-sue notice to the employee—the employee filed a statutory civil rights action against the employer for sex and pregnancy discrimination and retaliation in violation of sections 760.10(1)(a)-(b) and (7), Florida Statutes (2015), which provide:

(1) It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's ... sex [or] pregnancy ....

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's ... sex [or] pregnancy ....

(7) It is an unlawful employment practice for an employer ... to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

3

§ 760.10(1)(a)-(b), (7), Fla. Stat. (2015).

The employer filed a summary judgment motion arguing the employee's statutory civil rights action was time-barred under section 760.11(5), Florida Statutes (2015), because the employee had failed to commence the action no later than one year after the date when the EEOC issued the right-to-sue notice. *See* § 760.11(5), Fla. Stat. (2015) ("A civil action brought under this section shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission.").

The employee responded that, under the circumstances of this case, the four-year limitation period in section 95.11(3)(f), Florida Statutes (2015), for "[a]n action founded on a statutory liability" should have applied to her action.

The circuit court entered an order granting the employer's summary judgment motion. The circuit court later entered a final judgment in the employer's favor. This appeal followed.

### *Our Review*

Our review is de novo. *See Volusia County v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000) (standard of review of a summary judgment is de novo); *Hardee County v. FINR II, Inc.,* 221 So. 3d 1162, 1165 (Fla. 2017) (standard of review for statutory interpretation is de novo).

Section 760.11, Florida Statutes (2015), provides various time limits by which an employee may pursue their civil rights claim after having filed the prerequisite administrative complaint. Which time limit applies depends upon the type of response which the employee has received from the administrative commission with whom the employee has filed their administrative complaint. Section 760.11 describes those responses and time limits as shown in bold here:

> (3) ... [T]he commission shall investigate the allegations in the complaint. Within 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992. When the commission determines whether or not there is reasonable cause, the commission by registered mail shall promptly notify the aggrieved person and the respondent of the reasonable cause

4

determination, the date of such determination, and the options available under this section.

(4) **In the event that the commission determines that there is reasonable cause** to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, **the aggrieved person may either**:

(a) **Bring a civil action** against the person named in the complaint in any court of competent jurisdiction; **or**

(b) **Request an administrative hearing** under ss. 120.569 and 120.57.

....

(5) ... **A civil action brought under this section shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission.** ...

....

(7) **If the commission determines that there is not reasonable cause** to believe that a violation of the Florida Civil Rights Act of 1992 has occurred, the commission shall dismiss the complaint. **The aggrieved person may request an administrative hearing under ss. 120.569 and 120.57, but any such request must be made within 35 days** of the date of determination of reasonable cause ...

(8) **In the event that the commission fails to conciliate or determine whether there is reasonable cause** on any complaint under this section within 180 days of the filing of the complaint, **an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause**.

§ 760.11(3), (4)(a)-(b), (5), (7), (8), Fla. Stat. (2015) (emphasis added).

Although the foregoing sections refer to a determination by "the commission"—defined as the "Florida Commission on Human Relations" in section 760.02(2), Florida Statutes (2015)—we understand "the commission" in this context may include the EEOC for two reasons.

5

First, as we stated above, section 760.11(1) provides, in pertinent part: "In lieu of filing the complaint with the commission, a complaint under this section may be filed with the federal Equal Employment Opportunity Commission." Reading these statutes together, if the complaint may be filed with the EEOC under section 760.11(1), then logically the determination of that complaint may be made by the EEOC under sections 760.11(3), (4)(a)-(b), (5), (7), and (8). *See Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992) ("Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.").

Second, as we will describe in more detail below, in *Woodham v. Blue Cross and Blue Shield of Florida, Inc.*, 829 So. 2d 891 (Fla. 2002), the Florida Supreme Court applied sections 760.11(3), (4)(a)-(b), (5), (7), and (8) to the EEOC's response to a discrimination complaint. At no point did the supreme court hold that that the EEOC's response could not be applied to those statutes. Thus, as the supreme court did in *Woodham*, we shall similarly apply sections 760.11(3), (4)(a)-(b), (5), (7), and (8) to the EEOC's response in this case.[1]

Here, the employer's motion argued, because the EEOC's right-to-sue notice expressly informed the employee that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes," "does not certify that the [employer] is in compliance with the statutes," and made "[n]o finding ... as to any other issues that might be construed as having been raised by this charge," the scenario provided in section 760.11(8) applied. And proceeding under section 760.11(4) and, in turn, section 760.11(5), the employee had to commence her civil action no later than one year after the date when the EEOC had issued the right-to-sue notice.

We agree with the employer's argument. The employer's argument follows the Florida Supreme Court's holding in *Woodham*.

---

[1] In a footnote, the supreme court in *Woodham* observed that the employee had "raise[d] the issue that without the FCHR's adoption or ratification of the EEOC determination, the EEOC determination [was] not binding on her." 829 So. 2d at 893 n.1. However, the supreme court declined to address that issue because the issue was "not the basis for our jurisdiction and ... beyond the issues necessary for the resolution of the conflict issue and certified question [presented]." *Id.*

### 1. *Woodham v. Blue Cross*

In *Woodham,* an employee filed with the EEOC a discrimination complaint against her employer. *Id.* at 892-93. After receiving no response from the EEOC for over 300 days, the employee requested a right-to-sue notice from the EEOC. *Id.* at 893. The EEOC provided the employee with the same right-to-sue notice which the instant employee received in this case, stating in pertinent part:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

*Id.* The employee then filed a statutory civil rights action in circuit court. *Id.*

The employer filed a summary judgment motion. *Id.* In the motion, the employer argued the right-to-sue notice's above-quoted statement constituted the EEOC's determination that no reasonable cause existed to believe the employer had committed a statutory civil rights violation. *Id.* at 896. Thus, the employer argued, the employee's receipt of the right-to-sue notice foreclosed her ability to sue in court, and her only remedy was to request an administrative hearing within 35 days after receipt of the notice, as required under section 760.11(7), which she failed to do. *Id.*

The circuit court granted the employer's motion. *Id.* at 893. The Third District affirmed, but certified the following question of great public importance:

> Whether a claimant must pursue the administrative remedies provided in section 760.11(7), Florida Statutes, when the claimant has filed a complaint under the Florida Civil Rights Act ... and has received an EEOC "Dismissal and Notice of Rights" stating: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."?

*Id.* at 892 (certified question converted to lower case).

7

The supreme court "answer[ed] the certified question in the negative." *Id.* The supreme court later stated its reasoning:

> We construe the language of section 760.11(7) to require a specific determination "*that there is not reasonable cause*" to believe a violation occurred. § 760.11(7). The [EEOC's] determination in this case was only that it was "*unable to conclude* that the information obtained establishes violations of the statutes." We cannot and will not equate "unable to conclude" with a determination that "there is not reasonable cause." ...
>
> ....
>
> [T]he EEOC dismissal and notice of rights form in this case does not satisfy the requirements of a "no cause" determination under section 760.11(3) and (7). Without having received a proper "no cause" determination, [the employee] was not required to make the subsection (7) request for an administrative hearing within 35 days. **Rather, [the employee] was permitted to proceed under subsection (4) "as if the [commission] made a 'reasonable cause' determination," because the [commission] failed to make a determination either way regarding whether reasonable cause existed. *See* § 760.11(8).**

*Id.* at 897 (bold and underline emphasis added).

*Woodham* controls the instant case. As in *Woodham*, the EEOC's determination in this case was only that it was "unable to conclude that the information obtained establishes violations of the statutes." Pursuant to *Woodham*, we cannot equate "unable to conclude" with a determination that "there is not reasonable cause." Thus, the scenario provided in section 760.11(8) applies to this case. *See* § 760.11(8), Fla. Stat. (2015) ("**In the event that the commission fails to conciliate or determine whether there is reasonable cause** on any complaint under this section within 180 days of the filing of the complaint, **an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause**.") (emphasis added). And proceeding under section 760.11(4) and, in turn, section 760.11(5), the employee had to commence her civil action no later than one year after the date when the EEOC had issued the right-to-sue notice.

8

## 2. *Joshua v. City of Gainesville*

The employee primarily relies upon the Florida Supreme Court's earlier opinion in *Joshua v. City of Gainesville*, 768 So. 2d 432 (Fla. 2000). However, *Joshua* is distinguishable from *Woodham* and the instant case.

In *Joshua*, the employee filed with the FCHR a discrimination complaint against her employer in January 1995. *Id.* at 433. In July 1995, the employee filed a supplemental discrimination complaint against her employer. *Id.* at 433-34. The commission never responded to the employee's complaints. *Id.* at 434.

In January 1998, the employee filed a statutory civil rights action in circuit court against the employer based on the allegations raised in the administrative complaints. *Id.*

The employer filed a motion to dismiss, alleging the employee's action was time-barred under section 760.11(5). *Id.* The employer maintained the employee should have filed her action by January 1997, which the employer calculated by adding section 760.11(3)'s 180-day investigation period to section 760.11(5)'s one-year limitation period. *Id.*

The employee responded that because the commission never responded to her complaints, section 760.11(5)'s one-year limitation period never commenced. *Id.* Instead, the employee contended, section 95.11(3)(f)'s four-year limitation period for statutory causes of action governed, and she had filed her statutory civil rights action within that period. *Id.*

The circuit court granted the employer's motion to dismiss, finding that the last day of section 760.11(3)'s 180-day period also marked the beginning of section 760.11(5)'s one-year limitation period, whether or not the employee receives a reasonable cause determination. *Id.* The First District affirmed the dismissal, but certified the following question of great public importance:

> Does the section 760.11(5), Florida Statutes (1995), one-year statute of limitations for filing civil actions "after the date of determination of reasonable cause by the commission" apply also upon the commission's failure to make any determination as to "reasonable cause" within 180 days as contemplated in section 760.11(8), Florida Statutes (1995), so that an action filed beyond the one-year period is time barred?

*Id.* at 433 (certified question converted to lower case).

9

The supreme court "answer[ed] this certified question in the negative," and held "the general four-year statute of limitations for statutory violations, section 95.11(3)(f), Florida Statutes (1995), applies to actions filed pursuant to chapter 760, Florida Statutes, if the [commission] does not make a reasonable cause determination on a complaint within the 180 days contemplated by section 760.11(8), Florida Statutes (1995)." *Id.* The supreme court reasoned, in pertinent part:

> [D]espite the language of section 760.11(8), which allows a complainant to proceed to circuit court without a reasonable cause determination, the entire statutory scheme seems to favor exhaustion of administrative remedies prior to court action. It would appear contrary to that scheme to require a person to proceed to court without any indication from the Commission of the progress, or lack thereof, in investigating the complaint filed with that body.
>
> ....
>
> The [Florida Civil Rights] Act demonstrates the Legislature's intent that one claiming a deprivation under its terms would have the Commission make a preliminary reasonable cause determination, notify the claimant of its findings, and inform the claimant of the possible next steps that can be taken. *See* § 760.11(3), (4). Prohibiting claimants from seeking redress for statutory violations of this interest prior to allowing them sufficient procedural due process— both notice and the opportunity to be heard—constitutes a deprivation of constitutionally protected rights.
>
> ....
>
> [The employee's] constitutionally protected rights should not be denied because the Commission failed to give her adequate notice. A claimant should not be penalized for attempting to allow a government agency to do its job. Since the legislative intent is to uproot discrimination, we now seek to preserve that intent by finding [the employee's] civil action timely filed under section 95.11(3)(f).

*Id.* at 437, 439.

10

*Joshua*'s facts and reasoning are distinguishable from the instant case and, therefore, *Joshua* is inapplicable to the instant case. Unlike the employee in *Joshua* who never received "any indication from the Commission of the progress, or lack thereof, in investigating the complaint," the employee in the instant case received a right-to-sue notice from the EEOC. The right-to-sue notice, in plain language, expressly informed the employee that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes," "does not certify that the [employer] is in compliance with the statutes," and made "[n]o finding ... as to any other issues that might be construed as having been raised by this charge."

As the supreme court held in *Woodham*, that plain language falls squarely under the scenario provided in section 760.11(8). *See* § 760.11(8), Fla. Stat. (2015) ("**In the event that the commission fails to conciliate or determine whether there is reasonable cause** on any complaint under this section within 180 days of the filing of the complaint, **an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause**.") (emphasis added). Thus, as the employer argues:

> [The employee] started her own clock to proceed under [s]ection 760.11(4), as if the [EEOC] had determined that there was reasonable cause. Once she actively started that clock, [the employee] was obligated to commence her suit within one (1) year. [The employee] failed to do so and, consequently, the [circuit court] correctly ... dismissed [her statutory civil rights action] with prejudice.

Interestingly, the supreme court, in *Woodham*, noted its holding in *Joshua*. 829 So. 2d at 898. And yet the supreme court still found on *Woodham*'s facts that the EEOC's right-to-sue notice permitted the employee, pursuant to section 760.11(8), to proceed under section 760.11(4) "as if the [commission] made a 'reasonable cause' determination." *Id.* at 897.

## *Conclusion*

Based on the foregoing, we affirm the final summary judgment in the employer's favor on the employee's statutory civil rights action. We certify conflict with *Hines v. Whataburger Restaurants, LLC*, 301 So. 3d 473 (Fla. 1st DCA 2020). In *Hines,* the First District held that, pursuant to *Joshua,* section 95.11(3)(f)'s four-year limitation period, rather than section 760.11(5)'s one-year limitation period, applied to an employee's statutory

civil rights action, even though the employee had received a notice of dismissal stating that the employee was provided a right-to-sue notice. *Id.* at 475-76. However, our sister court's review, for whatever reason, did not mention *Woodham*, which we conclude is controlling on these facts.

*Affirmed.*[2]

KLINGENSMITH, C.J., and WARNER, J., concur.

\* \* \*

---

[2]   In the instant case, the parties' filings before the circuit court appeared to suggest the Legislature's 2020 amendment to section 760.11 applied to the court's review. Under the 2020 amendment, section 760.11(8) now provides:

> If the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days after the filing of the complaint:
>
> (a)   An aggrieved person may proceed under subsection (4) as if the commission determined that there was reasonable cause.
>
> (b)   The commission shall promptly notify the aggrieved person of the failure to conciliate or determine whether there is reasonable cause. The notice shall provide the options available to the aggrieved person under subsection (4) and inform the aggrieved person that he or she must file a civil action within 1 year after the date the commission certifies that the notice was mailed.
>
> (c)   A civil action brought by an aggrieved person under this section must be commenced within 1 year after the date the commission certifies that the notice was mailed pursuant to paragraph (b).

§ 760.11(8), Fla. Stat. (2020).

However, all of the actions preceding the employee's statutory civil rights action in the instant case occurred before the 2020 amendment, commencing with the employee's February 2016 administrative complaint, through and including the EEOC's June 2018 right-to-sue notice. Therefore, we have not applied the 2020 amendment to our review in this case.

The employee's initial brief nevertheless argues that section 760.11 and its 2020 amendment are remedial, and therefore should be applied retroactively. However, the employee did not raise that argument to the circuit court. We note, though, that even if we had applied the 2020 amendment to our review in this case, our conclusion would have remained the same, based on *Woodham*'s controlling application to this case's facts.

12

*Not final until disposition of timely filed motion for rehearing.*