FARMER, Judge.
We conclude that the statute of limitations bars appellant’s claim of employment discrimination under section 760.10, Florida Statutes. St. Mary’s withdrew its previous offer of employment on October 19, 1984. Farancz filed a charge with the Florida Commission on Human Relations on November 1, 1984.
On November 8, 1985, the commission issued an investigatory report recommending a no cause finding. Then on July 28, 1987, it issued a reasonable cause determination. On March 22, 1988, the commission began a two-day hearing on the charge, which resulted in a recommended order again finding no cause. Farancz did not file his complaint in the circuit court until January 19, 1989.
Section 760.10(10) requires a person aggrieved by a violation of the Human Rights Act of 1977 to file a complaint with the commission within 180 days of the act of discrimination. Subsection (12) then provides as follows:
In the event that the commission fails to conciliate or take final action on any complaint under this section within 180 days of filing, an aggrieved person may bring a civil action against the named employer * * * in any court of competent jurisdiction.
Appellant argues that the 180-day period after filing with the commission operates to *1152 toll the four year statute of limitations in section 95.11(3), so that he timely commenced this action.
The above statute has a logical counterpart in sections 766.104 and 766.106, Florida Statutes (1989). Section 766.104(2) expressly authorizes an extension of the statute of limitations to allow reasonable investigation of an incipient medical malpractice claim by a simple filing with the clerk. Section 766.106(4) expressly provides for a tolling of the statute for the 90-day period after a notice of intent to initiate medical malpractice litigation has been served.
In contrast, section 760.10 contains nothing remotely suggesting that the statute should be tolled during the 180 day period after filing with the commission. There is simply no mention one way or the other in section 760.10 about any tolling while the commission has the complaint during the initial 180 day period. The provisions in chapter 766 show that the legislature knows how to say that the statute is tolled when it wants to say so. That it did not so state here is a positive demonstration that it did not intend any such tolling.
The trial judge’s dismissal must be
AFFIRMED.
GLICKSTEIN, C.J., and STREITFELD, JEFFREY E., Associate Judge, concur.