871 So.2d 312 (2004)
John ROSS, Appellant/Cross-Appellee,
v.
JIM ADAMS FORD, INC., Appellee/Cross-Appellant.
No. 2D03-2265.
District Court of Appeal of Florida, Second District.
May 7, 2004.
*313 Clement L. Hyland of Morgan, Colling and Gilbert, P.A., Orlando, for Appellant/Cross-Appellee.
Jerome B. Blevins of Bradham, Blevins & Bayliss, P.A., St. Petersburg, for Appellee/Cross-Appellant.
ALTENBERND, Chief Judge.
John Ross appeals a summary final judgment dismissing his suit against his former employer, Jim Adams Ford, Inc., in which he alleged a violation of the Florida Civil Rights Act of 1992. See § 760.10(1)(a), Fla. Stat. (1993) (prohibiting employers from discharging employees based upon handicap). We affirm because the statute of limitations set forth in section 95.11(3)(f), Florida Statutes (1993), bars this action. See Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000) (holding four-year statute of limitations in section 95.11(3)(f) applies to claims under Florida Civil Rights Act when Commission on Human Relations fails to make reasonable cause determination within 180 days). Although Mr. Ross was required to file an administrative complaint as a prerequisite to this action, see § 760.11, Fla. Stat. (1993); Sweeney v. Fla. Power & Light Co., 725 So.2d 380 (Fla. 3d DCA 1998), the four-year statute of limitations ran from the accrual of the cause of action and was not tolled by the administrative process. See Farancz v. St. Mary's Hosp., Inc., 585 So.2d 1151 (Fla. 4th DCA 1991).
Jim Adams Ford hired Mr. Ross as its service director in October 1994. On November 16, 1994, Mr. Ross broke his leg in a work-related accident. The fracture was quite serious and took a long time to heal. Mr. Ross attempted to return to work part-time in a wheelchair, but this was not acceptable to his employer. As a result, Mr. Ross stayed away from work and collected workers' compensation benefits.
Jim Adams Ford placed Mr. Ross on "medical leave" in March 1995, telling him *314 not to return until he was completely healed. Mr. Ross considered himself terminated at that time. Ultimately, several years later, Mr. Ross returned to work at another dealership as a service manager.
In February 1996, Mr. Ross filed an administrative complaint with the Florida Commission on Human Relations pursuant to section 760.11, claiming that Jim Adams Ford had discriminated against him as a result of a handicap when it terminated him in March 1995. The Commission took no action during the next 180 days. As he was entitled to do, Mr. Ross withdrew this complaint and the Commission issued a notice of dismissal on December 11, 1996.
Mr. Ross did not file his lawsuit against Jim Adams Ford until July 21, 2000. His complaint contained two counts. In count II, he alleged that he had been terminated in retaliation for filing a workers' compensation claim. See § 440.205, Fla. Stat. (1993). The trial court dismissed this count because it was filed more than four years after Mr. Ross's termination and was barred by the statute of limitations provided for statutory claims in section 95.11(3)(f). See Scott v. Otis Elevator, 524 So.2d 642 (Fla.1988) (holding four-year period for statutory actions applies to section 440.205 claims). Mr. Ross does not challenge this ruling on appeal.
In count I, Mr. Ross alleged that Jim Adams Ford had discriminated against him because of a handicap in violation of the Florida Civil Rights Act of 1992. See §§ 760.01-.11, Fla. Stat. (1993). Jim Adams Ford attempted to obtain a summary judgment as to this claim both because it did not believe Mr. Ross's leg fracture was a handicap and because the claim was barred by the applicable statute of limitations. The trial court denied the request for summary judgment based on the statute of limitations but concluded that Mr. Ross's broken leg did not qualify as a handicap.
Whether Mr. Ross's broken leg qualified as a handicap is a close question. Claims under the Florida Civil Rights Act are analyzed in the same manner as claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213. See Wimberly v. Sec. Tech. Group, Inc., 866 So.2d 146 (Fla. 4th DCA 2004). Mr. Ross argues that questions of fact remained as to whether Jim Adams Ford regarded Mr. Ross as having a disability. See 42 U.S.C. § 12102(2)(c); Toyota Motor Mfg. Kentucky, Inc. v. Williams, 534 U.S. 184, 193, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); see also Carruthers v. BSA Adver., Inc., 357 F.3d 1213 (11th Cir.2004). Although Mr. Ross's leg fracture eventually healed and thus would not appear to qualify as a disability, it is arguable that a question of fact remains as to whether Jim Adams Ford terminated Mr. Ross at a time when it believed the fracture was or would result in a permanent disability. Because we conclude that the statute of limitations bars this claim, we do not determine whether Mr. Ross's broken leg constituted a disability under federal or state law.
Both parties agree that the four-year statute of limitations for statutory causes of action controls this case. See § 95.11(3)(f); Joshua, 768 So.2d 432. When the four-year period commenced or whether it was somehow tolled is the disputed issue of law. Jim Adams Ford maintains that the statute of limitations ran continuously from when Mr. Ross's employment was terminated and therefore expired in March 1999. Mr. Ross maintains that it commenced on August 3, 1996, 180 days after he filed his administrative complaint without the Commission taking any action, and therefore did not expire until August 2000. We reject Mr. Ross's position. We conclude that this cause of *315 action accrued on the date Mr. Ross was terminated, and that the administrative process did not toll the running of the statute of limitations.
Section 760.11 establishes administrative and civil remedies for violations of the Florida Civil Rights Act. Although this statute states that a complaint "may" be filed with the Commission, it is clear that such a complaint must be filed either with the Commission or its federal counterpart by anyone who wishes to pursue either a lawsuit or an administrative proceeding under this act. See, e.g., Sweeney, 725 So.2d 380. The Commission does not enter a final resolution of the complaint but merely determines whether there is reasonable cause to believe that the complaint has merit. See § 760.11(3).
Section 760.11(1) requires a party to file a complaint with the Commission within 365 days of the alleged violation. Section 760.11(3) contemplates that the Commission will investigate the complaint and submit a decision within 180 days, determining whether there is reasonable cause to support the claim. If the Commission issues a determination supporting the aggrieved person, that person has one year in which to file a lawsuit. See § 760.11(5). Unfortunately, there are many complaints that are not processed within 180 days by the Commission. As to those complaints, the supreme court has held that the four-year statute of limitations in section 95.11(3)(f) applies. See Joshua, 768 So.2d 432. However, the supreme court did not expressly state when the four-year period commenced or whether it was tolled by the administrative process.
Section 95.031, Florida Statutes (1993), provides that a statute of limitations runs from the time the cause of action accrues unless otherwise provided by statute. No one argues that a special statutory exception exists in this case. "A cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1). Here, Mr. Ross's cause of action accrued when he was allegedly terminated based upon a real or perceived disability in March 1995. The administrative process required by section 760.11 is a presuit procedure, not an element of the cause of action. There is no authority in chapter 95 or in the Florida Civil Rights Act to suggest that this presuit procedure permits a rule regarding the statute of limitations that is different from any other statutory claim.
Further, there is no statutory or case law authority for tolling the statute of limitations for these claims. See § 95.051(2), Fla. Stat. (1993) (stating, "No disability or other reason shall toll the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law"). Compare § 766.306, Fla. Stat. (2003) (expressly providing that statute of limitations for filing civil action by infants suffering from birth-related neurological injuries is tolled during administrative process for such claims). Given that the 180-day time period within which the Commission must act upon a civil rights complaint leaves sufficient time for a claimant to file suit before the four-year statute of limitations expires, there is also no basis for an equitable tolling of the limitations period.
In some respects, section 760.11 is similar to the waiver of sovereign immunity in section 768.28, Florida Statutes (2003). A claim under section 768.28 can be maintained only if an aggrieved party provides written notice to the relevant state agency within three years. See § 768.28(6)(a), Fla. Stat. (2003). The party must wait up to six months for a response. See § 768.28(6)(d). Nevertheless, the four-year *316 statute of limitations runs from the accrual of the cause of action, not from the conclusion of the condition precedent. See § 768.28(6)(b), (14). Admittedly, section 768.28 contains its own separate statute of limitations and is not controlled by section 95.11(3)(f), but the length and operation of the two statutes are identical and the same policies should apply to both absent clear legislative intent otherwise.
Accordingly, we hold that Mr. Ross's claim for a violation of the Florida Civil Rights Act accrued on the date of his alleged wrongful termination and that the running of the four-year statute of limitation in section 95.11(3) was not tolled while Mr. Ross pursued his administrative complaint with the Commission. Accord Farancz, 585 So.2d 1151. We therefore affirm the summary final judgment dismissing his complaint against Jim Adams Ford.
Affirmed.
KELLY and WALLACE, JJ., Concur.