DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

WILFRED RAMOS, JR.,

Appellant,

v.

STEAK N SHAKE, INC.,

Appellee.

No. 2D22-3465

_____

December 20, 2023

Appeal from the Circuit Court for Hillsborough County; Emmett L. Battles, Judge.

Ashley N. Richardson of Marie A. Mattox, P.A., Tallahassee, for Appellant.

J. Robert McCormack and John C. Getty of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Tampa, for Appellee.

SLEET, Chief Judge.

Wilfred Ramos appeals the final judgment entered in favor of Steak N Shake, Inc., in Ramos's discrimination action below. On appeal, Ramos argues that the trial court erred in finding that Ramos failed to exhaust his administrative remedies under the Florida Civil Rights Act of 1992 (FCRA), §§ 760.01-.11, Fla. Stat. (2020). Because Ramos was not

required to specifically allege in his charge of discrimination that his claims were under the FCRA, the trial court erred in granting summary judgment in favor of Steak N Shake and in determining that Ramos failed to exhaust his administrative remedies prior to bringing the civil suit.

## I.     Background

In October 2017, Steak N Shake hired Ramos as a grill operator. During his employment, Ramos was in an off-the-job car accident in which he suffered a back injury. Thereafter, his work schedule was allegedly reduced from thirty hours a week as a grill cook to six hours a week as a janitor. On November 11, 2017, Ramos filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). His charge included a factual description of the basis of his allegations. It did not include any reference to the FCRA, nor did he allege that Steak N Shake violated the FCRA. Instead, he alleged a "violation of the Americans with Disabilities Act of 1991." On November 27, 2017, he was terminated from his position.

On April 10, 2018, the EEOC forwarded the charge to the Florida Commission on Human Relations (Commission) with the following notation: "Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC." Following an investigation, on September 4, 2018, the EEOC dismissed the charge. Ramos received from the EEOC Form 161, which is a printed form notice, entitled "DISMISSAL AND NOTICE OF RIGHTS." The form stated in part that "THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON." Listed below were seven boxes to be marked as applicable by the EEOC, each of which contained accompanying reasons why the EEOC was closing its file. Ramos's form contained an "X" next to box five, which was accompanied by the following language:

The EEOC issues the following determination: Based upon its Investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

On January 27, 2020, Ramos filed in the circuit court a two-count complaint, asserting discrimination and retaliation in violation of the FCRA. Steak N Shake answered, asserting in one of its affirmative defenses that Ramos failed to exhaust his administrative remedies. The trial court referred the parties to nonbinding arbitration, after which Ramos timely filed a motion for trial de novo.

Thereafter, Steak N Shake filed its motion for final summary judgment, arguing that the undisputed evidence showed that Ramos failed to allege any FCRA claims in his charge and that he did not exhaust his administrative remedies under the FCRA. Five days before the motion hearing, Ramos filed his opposition, arguing that under section 760.11(1), he could file a complaint with the EEOC in lieu of the Commission. The trial court held a hearing, and it granted summary judgment in favor of Steak N Shake, finding that Ramos failed to allege claims under the FCRA in his EEOC charge and that therefore he did not properly exhaust his administrative remedies. The trial court also found that the failure could not be cured because the time for filing or amending his administrative claims had expired. Ramos moved for reconsideration and rehearing, which the trial court denied. This appeal followed.

## II.    Analysis

On appeal, Ramos argues that the trial court erred in finding that his failure to cite the FCRA in his charge amounted to a failure to exhaust his administrative remedies under the FCRA. We agree.

3

We review de novo the trial court's grant of summary judgment. *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(a). Here, Ramos does not argue that there were any genuine issues of material fact that remained; rather, he contends that Steak N Shake was not entitled to judgment as a matter of law.

The FCRA "prohibits discrimination in the workplace because of an individual's race, color, sex, national origin, age, handicap, or marital status." *Sunbeam Television Corp. v. Mitzel*, 83 So. 3d 865, 873 (Fla. 3d DCA 2012); *see* § 760.10. And "[s]ection 760.11 establishes administrative and civil remedies for violations of the [FCRA]." *Ross v. Jim Adams Ford, Inc.*, 871 So. 2d 312, 315 (Fla. 2d DCA 2004). Specifically, section 760.11(1) provides that "[a]ny person aggrieved by a violation of ss. 760.01-760.10 may file a complaint with the [C]ommission within 365 days of the alleged violation." "Although this statute states that a complaint 'may' be filed with the Commission, it is clear that such a complaint must be filed either with the Commission or its federal counterpart by anyone who wishes to pursue either a lawsuit or an administrative proceeding under [the FCRA]." *Ross*, 871 So. 2d at 315. Essentially, "[a]s a prerequisite to bringing a civil action based upon an alleged violation of the FCRA, the claimant is required to file a complaint with the [Commission] within 365 days of the alleged violation." *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894 (Fla. 2002). "The purpose of these requirements is to notify the employer of discriminatory practices and to provide the [Commission] with 'the first opportunity to investigate the alleged discriminatory

4

practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.' " *Sunbeam Television Corp.*, 83 So. 3d at 874 (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004)).

Under Florida's workshare agreement, the EEOC and the Commission each designate the other as an agent for the purposes of receiving and drafting charges, thus allowing an aggrieved party to elect to dual file a charge of discrimination with both agencies. *See* U.S. Equal Emp. Opportunity Comm'n, FY 2017 EEOC/FEPA Worksharing Agreement, Worksharing Agreement Between Florida Commission on Human Relations and the U.S. Equal Employment Opportunity Commission 2 (2017) ("In order to facilitate the assertion of employment rights, the EEOC and the [Commission] each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges."). The statute confirms as much. *See* § 760.11(1) ("In lieu of filing the complaint with the [C]ommission, a complaint under this section may be filed with the federal [EEOC] . . . .").

The Commission is then responsible for investigating the charge and determining within 180 days "if there is reasonable cause to believe that discriminatory practice has occurred in violation of the [FCRA]." § 760.11(3). Thereafter, a finding issued by the Commission takes one of three forms. First, if the Commission determines that there is "reasonable cause" to believe that a discriminatory practice occurred, then the aggrieved person may bring a civil action in any court of competent jurisdiction. § 760.11(4)(a). Second, if the Commission fails to determine whether there is "reasonable cause" within 180 days after the filing of the complaint, then the aggrieved person may proceed to

5

court as if the Commission issued a cause determination. § 760.11(4)(a), (8). Third, if the Commission determines that there is not reasonable cause ("no cause") to believe that a violation of the FCRA occurred, then the Commission must dismiss the complaint and the aggrieved party must request an administrative hearing in front of an administrative law judge within thirty-five days of the no cause determination or the claim will be barred. § 760.11(7). In other words, a no cause determination and the failure to timely request an administrative hearing precludes a civil suit under the FCRA. *Woodham*, 829 So. 2d at 894-95.

The issue presented in this case is whether section 760.11 requires that the aggrieved party specifically allege a violation of the FRCA in its complaint with the Commission or EEOC. We conclude that it does not.

"[C]hapter 760 is remedial and requires a liberal construction to preserve and promote access to the remedy intended by the [l]egislature." *Joshua v. City of Gainesville*, 768 So. 2d 432, 435 (Fla. 2000); *see also* § 760.01(3) ("The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved."). And "[w]e are guided by the [l]egislature's stated purpose for enacting this chapter and its directive that the [FCRA] be liberally construed in reaching our decision." *Joshua*, 768 So. 2d at 435.

In explaining the requirements for the complaint, section 760.11(1) states only that "[t]he complaint shall contain a short and plain statement of the facts describing the violation and the relief sought." And Ramos's charge of discrimination did just that. He checked the boxes for discrimination based on retaliation and disability and indicated that he "want[ed] this charge filed with both the EEOC and the State or

6

local agency, if any."  In the "Particulars" box, Ramos included the factual allegations and a discrimination statement alleging discrimination based on his disability and/or perceived disability and by retaliation for his request for reasonable accommodation.  Ramos's subsequent civil claims were identical, also alleging discrimination based on disability and retaliation.  Thus Steak N Shake was fully on notice as to the nature and substance of Ramos's claims.  *Cf. Sunbeam Television Corp.,* 83 So. 3d at 874 (explaining that notice to the employer is "of course, frustrated when a claimant asserts one set of claims in the administrative proceedings but attempts to assert another set of unrelated claims in a subsequent civil action").  The EEOC then appropriately forwarded the dual-filed charge to the Commission noting it would initially investigate the charge.  And after receiving a dismissal from the EEOC stating that it was "unable to conclude that the information obtained establishes violations of the statutes," Ramos appropriately filed a civil action.  *See Woodham*, 829 So. 2d at 897 (holding that an "unable to conclude" decision does not equate to a determination that "there is not reasonable cause" and that therefore Woodham was permitted to proceed under section 760.11(4) and file a civil action).

If the legislature intended for the statutory language in section 760.11 to require that the aggrieved party specifically allege in the complaint that his or her claims were under the FCRA, it could have said so, but it did not.  And in finding that Ramos failed to exhaust his administrative remedies by failing to specifically allege in his charge of discrimination that his claims were under the FCRA, the trial court added a requirement that is not found anywhere within the statute and contravenes the legislature's clear intent that the statute be interpreted

7

liberally. We conclude that Ramos was not required to specifically allege in his charge of discrimination that his claims were under the FCRA and that the trial court erred in granting summary judgment in favor of Steak N Shake and determining that Ramos failed to exhaust his administrative remedies. Additionally, we certify conflict with the Fourth District's opinion in *Belony v. N. Broward Hosp. Dist.*, 48 Fla. L. Weekly D2106, D2107 (Fla. 4th DCA Nov. 1, 2023), to the extent that it holds "when a discrimination charge only and specifically alleges a violation of federal law, the act of dually filing the charge with the [Commission] is insufficient to comply with the requirements of section 760.11, Florida Statutes (2019)."[1]

Reversed; remanded; conflict certified.

LaROSE and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[1] Section 760.11 was amended in 2020, but the portions of the statute relevant to this case were not changed.